IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE , Individually, and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CASTLE POINT MORTGAGE, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 051168 GAO<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiffs, Paul Reinsmith and Kevin Dinsdale, move to dismiss Defendant's counterclaim against opt-in Plaintiff Charles Smith under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2) because that claim lacks jurisdiction. Plaintiffs should prevail on this Motion because Defendant's permissive counterclaim has no independent jurisdictional basis as: it does not involve federal questions; the Defendant cannot establish diversity jurisdiction; and there is no basis for this Court to exercise supplemental jurisdiction.

### CERTIFICATON

Plaintiffs' Counsel certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issues raised in this Motion.

### REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument.

Dated: August 29, 2005                                   Respectfully Submitted


/s/ Erik H. Langeland
Erik H. Langeland
Erik H. Langeland, P.C.
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE , Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASTLE POINT MORTGAGE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 051168 GAO<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

**I. INTRODUCTION**

Plaintiffs should prevail on this Motion because:

1) Defendant's counterclaim is permissive and, therefore, must have an independent jurisdictional basis;

2) Defendant's cannot establish jurisdiction for its counterclaims as:

a) its claims do not involve federal questions;

b) the Defendant cannot establish diversity jurisdiction; and

c) no basis exists for this Court to exercise supplemental jurisdiction.

**II. BACKGROUND**

1. On June 6, 2005, Plaintiffs filed a collective action complaint against the Defendant seeking monetary damages and other relief provided under the Fair Labor Standards Act for Defendant's widespread failure to pay overtime to its loan officers.

2.  In response, the Defendant filed an answer and asserted state-law counterclaims against named Plaintiffs, Paul Reinsmith and Kevin Dinsdale.  Plaintiffs moved to dismiss these claims on August 1, 2005.

3.  Defendant fired Charles Smith in May 25, 2005.  Smith joined this lawsuit on July 21, 2005.

4.  Defendant has now filed another state-law counterclaim—its third—against Smith for breach of contract.  Defendant alleges that after firing Smith, he should be deprived of his livelihood in Massachusetts based on an expansive non-competition clause.

5.  As with its counterclaims against Reinsmith and Dinsdale, which were only filed after they brought this lawsuit, Defendant's counterclaim serves only to punish those who have joined this lawsuit and to intimidate others who consider joining. Defendant's retaliatory counterclaim has little, if anything, to do with Plaintiffs' action to recover unpaid overtime and should be dismissed.

### III.  ARGUMENT

#### A.  Defendant's Permissive Counterclaim Must Have Its Own Independent Jurisdictional Basis

6.  While compulsory counterclaims need not have their own independent jurisdictional basis, permissive counterclaims, as that brought by the Defendant here, must.  <u>Federal Deposit Insurance Corp. v. LaRambla Shopping Center, Inc.</u>, 791 F.2d 215, 221.

7.   The tests to determine whether a counterclaim is permissive or compulsory include:

   1) the sameness of issues of fact and law raised by the claim and counterclaim;

   2) whether absent the compulsory counterclaim, *res judicata* would bar a subsequent suit on the counterclaim;

2

    3) whether substantially the same evidence supports or refutes the main claim as well as the counterclaim; and

    4) whether there is any logical relation between the main claim and the counterclaim. Fortune Management, Inc. v. Bly, 118 F.R.D. 21, 23.

8. Defendant's counterclaim differs from the Plaintiffs' claims in at least three key respects. First, Plaintiffs' claims are based on facts dealing with matters like hours worked, job duties and unpaid overtime. In contrast, the Defendant's counterclaim is based on facts concerning an unrelated employment agreement and its alleged breach after Smith left Castle Point. Second, Plaintiffs' claims are based on the federal Fair Labor Standards Act, 29 U.S.C. §20 et seq., while the Defendant's counterclaim is based on state law breach of contract theories. Third, Plaintiffs seek to recover unpaid overtime on behalf of more than 100 loan officers, while the scope of this counterclaim is limited to Charles Smith. Defendant cannot assert meritorious counterclaims against every person who opts-in to this case—doing so would be an obvious effort to retaliate against those who seek to have their overtime rights determined in this lawsuit. Because Plaintiffs' original claims and Defendant's counterclaim are based on completely different facts and legal theories, Defendant's counterclaim is permissive.

9. Defendant also fails its second test, as it is clear that any ruling on Plaintiffs' claims for unpaid overtime would not bar a subsequent suit by the Defendant for alleged breach of an employment agreement. "The elements of a *res judicata* claim under federal law are:

    1) a final judgment on the merits in an earlier proceeding;

3

2) sufficient identicality between the causes of action asserted in the earlier and later suits; and

3) sufficient identicality between the parties in the two actions." Breneman v. United States ex rel. FAA, 381 F.3d 33, 38.

The doctrine of *res judicata* would not bar any subsequent claims by the Defendant because such claims are based on different facts and law.

10. Defendant fails its third test because the evidence necessary to prove that the Plaintiffs were not paid overtime in violation of the Fair Labor Standards Act and that required to prove Defendant's counterclaims differs completely. To support their claims, the Plaintiffs' evidence will include: loan officer time and attendance records; loan officer payroll records; loan officer job descriptions; loan officer performance reports; loan officer training; and loan officer expectations, goals and quotas. None of these materials have anything to do with Defendant's counterclaim. Rather, the Defendant will rely on the employment agreement and totally unrelated evidence concerning Smith's alleged breach of contract after he left Castle Point. Accordingly, Plaintiffs' claims and Defendant's counterclaims necessarily require different proof and evidence.

11. Finally, no logical relation exists between Plaintiffs' original claims and Defendant's counterclaim. To the contrary, at least three salient reasons militate in favor of litigating Plaintiffs' claims and Defendant's counterclaims separately. First, as mentioned above, Plaintiffs' claims potentially involve more than 100 loan officers, none of whom are likely to have any information concerning Defendant's counterclaim. Thus, the counterclaim would unnecessarily complicate and confuse

4

the main issue to be determined at trial—namely whether the Defendant improperly required the Plaintiffs to work unpaid overtime. Second, the Defendant's actions, whether a deliberate tactic or not, will undoubtedly intimidate potential opt-ins who, with modest resources, may decline to join out of fear of facing a costly defense to Defendant's counterclaim. Third, the specter of the counterclaims may cause potential opt-ins to hesitate to join this lawsuit—thus limiting their claims or eliminating them entirely in some circumstances. The statute of limitations for opt-in Plaintiffs continues to run until they submit an opt-in consent form to join this lawsuit. The purpose of this lawsuit is to fully resolve Plaintiffs' claim to recover unpaid overtime. It has been brought on behalf of all similarly situated loan officers, each of whom should have the right to join this case immediately so as to preserve their claims. Because Defendant's counterclaims serve only to intimidate the Plaintiffs and delay their involvement in this case to their prejudice, they should not be litigated in this case.

12. As Defendant's counterclaim fails all of the above tests, it is permissive, rather than compulsory. Accordingly, the Defendant must establish an independent jurisdictional basis for its counterclaims. As explained in sections B through D below, Defendant cannot do so and, therefore, its counterclaim must be dismissed.

### B. Defendant's Counterclaim Does Not Involve Federal Questions

13. Claims based upon breach of contract, like the Defendant's counterclaim, are based on state law and do not involve federal questions.

14. Federal question jurisdiction requires either that federal law creates a cause of action or that a party's right to relief necessarily depends on resolution of substantial

5

questions of federal law. Greene v. General Motors Corp., 261 F.Supp 2d 414 (W.D.N.C. 2003). Actions sounding in breach of contract ordinarily do not fall within federal question jurisdiction. Camean v. F/V Lady Jay, 654 F. Supp. 709, 710. "A federal district court had no jurisdiction over action of tort between individual residents of the same state, where no constitutional or federal question is involved." Abrazinski v. DuBois, 940 F.Supp 361.

15. Because the Defendant's counterclaim—based on a state-law theory—does not involve federal questions, Defendant's cannot establish jurisdiction based on 29 U.S.C. §1331.

### C. Defendant's Counterclaim Cannot Satisfy the Amount in Controversy Requirements for Federal Jurisdiction

16. In order for the Defendant to establish jurisdiction under §1332 for diversity of citizenship, the Defendant must establish that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00. Gabriel v. Preble, 396 F.3d 10, 13.

17. The Defendant cannot establish that the amount in controversy in its counterclaim exceeds $75,000.00. Once the damages allegation is challenged, "the party seeking to invoke jurisdiction has the burden of *alleging with sufficient particularity facts* indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Spielman v.Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (Emphasis added). Defendant cannot rely on speculative or unpredictable "facts" to meet this burden. See, e.g., Hairston v. Home Loan And Investment Bank, 814 F.Supp 180, 182 (D. Mass. 1993).

6

18. Here, Defendant alleges no facts indicating that its alleged damages meet the jurisdictional requirements. Instead, it merely alleges that it has been damaged by Smith's alleged violation of a vast non-competition clause, which seeks either to drive him from his career or from his home in Massachusetts. Counterclaim And Jury Demand Of Castle Point Mortgage, Inc. ¶7. Defendant cannot establish the requisite damages by providing speculative "estimates" regarding the amount of revenue that Smith might generate for another company. See Hairston at 182. Even if "gross revenues" were an accurate measure of its damages, Defendant cannot show that Smith generated any revenue for another company—nor can it show it lost a single sale to any competitor as a result of Smith's alleged breach. Defendant's incredible damage allegation is exacerbated by the fact that Smith worked for Defendant for *less than six months* and then was terminated. Defendant's counterclaim is nothing more than a thinly veiled threat against Smith and others that they should not seek to have their rights to overtime determined by this lawsuit. As Defendant's counterclaim cannot exceed $75,000 and has obviously been brought for an improper purpose, it should be dismissed.

**D. Defendant's Counterclaim Lacks Any Basis for Supplemental Jurisdiction**

19. As shown above, there is no basis for this Court to exercise supplemental jurisdiction over Defendant's unrelated state-law counterclaim.

20. The federal code of civil procedure provides that in any civil action where the district court has original jurisdiction, it shall also have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy 28 U.S.C. §1367. However, the

7

district court may decline to exercise supplemental jurisdiction for several reasons including: 1) where the claim raises a novel or complex issue of state law; or 2) in exceptional circumstances with compelling reasons for declining jurisdiction.

21. No basis exists for the court to exercise supplemental jurisdiction in this case because: 1) Defendant's counterclaims deal with a separate set of facts and law that are not part of the same case or controversy asserted by Plaintiffs; 2) there are compelling reasons to decline jurisdiction including: (a) undue and prejudicial delay to the issuance of notice to potential opt-ins whose statutes of limitation continue to run; and (b) undue intimidation to potential opt-ins who may not join the suit when faced with the threat of a costly defense. Accordingly, this court should decline to exercise supplemental jurisdiction and dismiss Defendant's counterclaims.

### III. **CONCLUSION**

22. Wherefore, Plaintiffs, Paul Reinsmith and Kevin Dinsdale, by and through their attorneys, move this Honorable Court to dismiss Defendant's counterclaim against Charles Smith for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2).

Dated: August 29, 2005                                   Respectfully Submitted

/s/ Erik H. Langeland
Erik H. Langeland
Erik H. Langeland, P.C.
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
ATTORNEY FOR PLAINTIFFS