**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 051168 GAO |
| v. | ) | |
| | ) | |
| CASTLE POINT MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO FACILITATE NOTICE UNDER 29 U.S.C. §216(b)**

Plaintiffs move to notify all loan officers employed by Castle Point Mortgage, Inc. within the past three years of their right to join this collective action to determine their rights to unpaid overtime under the Fair Labor Standards Act.  Because the parties have otherwise agreed on the form of the Notice (See Exhibit 1 To Plaintiff's Memorandum Of Law), this Motion seeks the Court's assistance on only two issues:

    1.     the number of mailings that Plaintiffs may send to potential opt-ins; and

    2.     the length of the opt-in period.

In order to provide meaningful notice to potential plaintiffs—before their claims are extinguished by the statute of limitations—Plaintiffs should be entitled to send at least three mailings over a period of ninety days.

Plaintiffs therefore move this Honorable Court for an order:

    1.     requiring the Defendant to produce a computer-readable data file containing the last known names and addresses of potential opt-in members; and

2.      authorizing notice by three mailings over ninety days to all loan officers employed by the Defendant within the past three (3) years to inform them of their right to opt-in to this lawsuit.

## CERTIFICATON

Plaintiffs' Counsel certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issues raised in this Motion.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument.

Dated: September 8, 2005               Respectfully Submitted

/s/ Erik H. Langeland
Erik H. Langeland
Erik H. Langeland, P.C.
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
ATTORNEY FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 051168 GAO |
| v. | ) ) | |
| CASTLE POINT MORTGAGE, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO FACILITATE NOTICE UNDER 29 U.S.C. §216(b)**

**INTRODUCTION**

On June 3, 2005, plaintiffs filed a collective action against Castle Point Mortgage, Inc. for its failure to pay overtime to loan officers as required by the Fair Labor Standards Act. Plaintiffs now move to notify other loan officers of their rights to opt-in to this case before the Statute of Limitations extinguishes their claims. Defendant does not oppose such notice but seeks to limit it to one mailing and to limit the opt-in period to 60 days. To ensure that all potential opt-ins receive accurate notice of their rights and a bona fide opportunity to join this lawsuit, plaintiffs move for court approval of three mailings and an opt-in period of 90 days.

**NUMBER OF MAILINGS**

A collective action allows plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. *See, e.g., Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged

wrongful activity.  *Id.*  "These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Id.*

Here, the issuance of three mailings is consistent with the Supreme Court's holding in *Hoffman-LaRoche* because it would provide potential opt-in plaintiffs with accurate and timely notice of this lawsuit.  Multiple mailings will increase the likelihood that opt-ins receive actual notice, particularly if the original is lost in the mail, thrown out or misplaced.  As the parties agree on the content of the proposed notice (Exhibit 1), no harm will come from mailing it three times.  This is particularly true since Plaintiffs have agreed to pay for the mailings.

In contrast, limiting notice to one mailing, as defendant proposes, is inconsistent with the objective of properly notifying the class members—as a single mailing may be discarded, disregarded, or otherwise fail to reach potential plaintiffs.  Without actual notice, potential opt-ins suffer substantial prejudice as the Statute of Limitations continues to run until each Plaintiff files a consent to join form.  *Grayson v. K-Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir. 1996).  The effect of the Statute of Limitations is severe because it limits—or in some cases extinguishes—a Plaintiff's right to have his or her claim heard.  Moreover, those who do not receive actual notice of this lawsuit may file separate lawsuits in several states, draining judicial resources and complicating the resolution of this dispute.  *See, e.g. Hoffman-La Roche,* 493 U.S. 165, 172 ("notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action.").

## LENGTH OF OPT-IN PERIOD

Plaintiffs seek a 90 day opt-in period concurrent with the first mailing to provide sufficient opportunity for potential plaintiffs to join this lawsuit. Plaintiffs' request is consistent with established practices under the FLSA. *Hoffman-LaRoche,* 493 U.S. at 172; *Hipp v. Liberty National Life Insurance Company*, 164 F.R.D.574, 576 (M.D. Fla. 1996) (120 day filing period). A 90 day opt-in period is reasonable and is necessary to send out notice to all those similarly situated, perform skip checks on bad addresses, locate accurate addresses for individuals whose mail is returned and provide accurate notice to all potential opt-ins. The defendant cannot show any prejudice from a 90 day opt-in period. In contrast, defendant's proposed 60 day opt-in period will prejudice those who do not receive timely notice or join in that short period and must later bring another action or lose their claims. This again will tax judicial resources as those cases may be brought in any of the states in which the defendant operates.

## CONCLUSION

While it is clearly in defendant's interest to limit participation in this action by restricting the information flow to potential plaintiffs, it is contrary to the interests of justice. Plaintiffs brought this action against the defendant to address the rights of loan officers that labored extensive, unpaid overtime for the defendant's benefit. Those individuals should be earnestly apprised of this lawsuit so their rights may be fully litigated before they are forever extinguished.

Moreover, the defendant will not suffer any prejudice if plaintiffs' motion is granted because: 1) the parties have already agreed to the form of notice (attached hereto as exhibit A; 2) plaintiffs have agreed to incur all costs associated with the issuance of

notice (including costs of multiple mailings); and, 3) a 90 day opt-in period will not result

in any delay and the parties can begin discovery during the opt-in period.

Plaintiffs, therefore, move this Honorable Court for an order:

1.      requiring the defendant to produce a computer-readable data file
        containing the last known names and addresses of potential opt-in
        members; and

2.      authorizing notice by three mailings over 90 days to all loan officers
        employed by the defendant within the past three (3) years to inform them
        of their right to opt-in to this lawsuit.

Dated: September 8, 2005                     Respectfully Submitted

                                             /s/ Erik H. Langeland
                                             Erik H. Langeland
                                             Erik H. Langeland, P.C.
                                             730 Fifth Avenue, 9th Floor
                                             New York, NY 10019
                                             (212) 659-7774
                                             ATTORNEY FOR PLAINTIFFS

# **<u>EXHIBIT 1</u>**

## NOTICE OF CLASS ACTION LAWSUIT

*Reinsmith and Dinsdale vs. Castle Point Mortgage, Inc.,*
*United States District Court for the District of Massachusetts*

TO:             All persons employed as Loan Officers by Castle Point Mortgage, Inc. at any time from
                September ___ , 2002 to September ___, 2005.

FROM:       **Ryan F. Stephan, Esq., Touhy &Touhy Ltd.**
                **Erik H. Langeland, Esq., Erik H. Langeland, P.C.**

RE:            Right to Join Collective Action Seeking Overtime Compensation Against Castle Point
                Mortgage, Inc.

****

**PLEASE READ THIS NOTICE CAREFULLY.**
**THIS NOTICE COULD AFFECT YOUR LEGAL RIGHTS.**

### I. INTRODUCTION

The purpose of this Notice is (1) to inform you of a collective action lawsuit against Castle Point Mortage, Inc. ("Castle Point") that you may be able to join; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for participating in this lawsuit should you decide that it is appropriate. You are receiving this notice because Castle Point's records show that you were a Loan Officer employed by Castle Point between September___, 2002 and September ____, 2005.

### II. DESCRIPTION OF THE LAWSUIT

On June 6, 2005, plaintiffs Paul Reinsmith and Kevin Dinsdale (former Castle Point Loan Officers) filed a lawsuit in federal court in Massachusetts, contending that they were incorrectly classified as "exempt" from overtime compensation under the Federal Fair Labor Standards Act.

Plaintiffs seek compensation for the overtime they worked, plus interest, statutory penalties, reasonable attorneys' fees and litigation costs for themselves and for you, if you decide to join this lawsuit. This lawsuit is a collective action, meaning that the named plaintiffs are seeking to proceed on behalf of other similarly situated employees who may have similar FLSA claims.

Castle Point contends that the Loan Officers were properly classified as exempt employees and are not entitled to overtime pay in addition to the commissions and salaries they received. Castle Point also contends that to the extent the FLSA was violated, it was an innocent error and that all actions were taken in good faith. Castle Point also contends that there is no basis for penalties to be assessed against it.

### III. WHO CAN JOIN

The named plaintiffs seek to recover alleged unpaid overtime on behalf of themselves and also on behalf of current and former Loan Officers employed by Castle Point at any time from September ___, 2002 to September ___, 2005 who believe that they were not properly compensated.

If you have already brought a lawsuit against Castle Point for failure to pay overtime wages owed

1

to you, you may not be eligible for this lawsuit.

## IV. <u>YOUR RIGHT TO PARTICIPATE IN THIS SUIT</u>

If you were a Castle Point Loan Officer as described above, you may join this suit (that is, you may "opt in") by mailing the "Opt-In Consent" form to Plaintiffs' counsel at the following address:

**TOUHY & TOUHY, LTD.**
Attn: Castle Point Mortgage, Inc. Class Action
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
(877) 372-2209
lawyers@touhylaw.com

This form must be returned in sufficient time to have Plaintiffs' counsel file it with the federal court on or before _____. If you do not return the "Opt-In Consent" form to Plaintiffs' counsel before the above deadline date, you may not be able to participate in the lawsuit.

## V. <u>EFFECT OF JOINING THIS SUIT</u>

If you choose to join in the suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable. While this suit is pending, you may be required to respond to written questions, produce documents, sit for depositions, and/or testify in court. The attorneys for the class Plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit.

## VI. <u>NO LEGAL EFFECT IN NOT JOINING THIS SUIT</u>

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case. If you choose not to join in this lawsuit, you are free to file your own lawsuit. The statute of limitations will continue to run on your claim until you join this suit or file your own.

## VII. <u>NO RETALIATION PERMITTED</u>

Federal law prohibits Castle Point Mortgage, Inc. from discharging or in any other manner discriminating against you because you join this lawsuit.

## VIII. <u>YOUR LEGAL REPRESENTATION IF YOU JOIN</u>

If you choose to join this suit, your interests will be represented by the named Plaintiffs through their attorneys, as counsel for the class. Counsel for the class are: Daniel K. Touhy, Esq., James B. Zouras Esq., and Ryan F. Stephan, Esq., TOUHY & TOUHY, LTD., 161 North Clark Street, Suite

2

2210,Chicago, Illinois 60601. Phone: (877)-372-2209. Facsimile: (312)-456-3838. Email: lawyers@touhlylaw.com., and the firm ERIK H. LANGELAND, P.C. by attorney Erik H. Langeland, 730 Fifth Avenue, 9th Floor, New York, New York, 10019. Phone: (212)-659-7774. Facsimile: (212)-898-9086.

### IX.  FURTHER INFORMATION

You may obtain further information about this Notice by filing an "Opt-In Consent" form.  You may obtain answers to questions concerning this lawsuit by contacting Plaintiffs' counsel at the numbers and addresses stated above.


Dated: _____                    Sincerely,


                                             _____.
                                             TOUHY & TOUHY, LTD.



**PLEASE NOTE**

There is a two (2) year deadline for filing overtime claims (or three (3) years if the violation was willful) running from the date(s) the overtime hours were actually worked.  You have multiple deadlines if you worked overtime on multiple occasions.