UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually and on Behalf of all Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>Castle Point Mortgage, Inc.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05 11168 GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASTLE POINT MORTGAGE, INC.'S MOTION TO
DETERMINE COLLECTIVE ACTION NOTICE PROCEDURES

Plaintiffs Paul Reinsmith and Kevin Dinsdale have brought a collective action lawsuit under the Fair Labor Standards Act (FLSA) against Defendant Castle Point Mortgage, Inc. ("Castle Point") on behalf of themselves and other current and former Loan Officers employed by Castle Point seeking to recover payment for hours worked in excess of 40 hours per week in addition to the salaries and commissions they received while employed.  Under the FLSA, potential plaintiffs must choose to "opt in" to a collective action suit, rather than affirmatively "opt-out" as required by Fed. R. Civ. P. 23.  *See* 29 U.S.C. § 216(b).  Plaintiffs wish to send out notice concerning this lawsuit to potential plaintiffs which Castle Point does not oppose.  The parties have not reached agreement, however, and seek guidance from the Court on two issues: (1) the length of time that class members will have to opt-in to this action once the notice has been sent out; and (2) the number of notices that plaintiffs' counsel can send to each class member.  Castle Point's proposed notice is attached as Exhibit A.

A.   The Time Period For Plaintiffs to Opt In to the Lawsuit.

Plaintiffs filed this action on June 6, 2005, and plaintiffs' counsel has already set up a website concerning this litigation at www.castlepointmortgageclassaction.com. At least one of the named plaintiffs has been contacting other class members about joining this lawsuit. Thus, even without formal notice of the lawsuit being disseminated, class members are aware of the lawsuit. Indeed, even without formal notice, three class members filed opt-in notices in late July and early August. Castle Point is eager to have this litigation move forward and have the issues raised by it resolved so that it may return its focus to its business operations. To this end, on approximately July 17, 2005, defense counsel initiated contact with plaintiffs' counsel to discuss dissemination of notice concerning the lawsuit to class members, and then later delayed filing its own motion concerning the notice issues based on plaintiffs' counsel's representations that it intended to file promptly its own motion in approximately mid-August.

Given the relatively small size of the potential class (approximately 145 current and former employees) and the ongoing informal distribution of information concerning the lawsuit through the website and other means, a lengthy opt-in period is not necessary and will only serve to further delay the lawsuit's progress. Accordingly, Castle Point requests that potential plaintiffs receive 30 days after notice is sent in which to file their opt-in notices.[1] This time period will allow potential plaintiffs more than adequate time to consider their options with respect to the litigation and make a decision regarding whether to opt-in. *See Vivone v. Acme Markets, Inc.*, 687 F. Supp. 168, 169 (E.D. Pa. 1988) (considering a 30-day period after notices were mailed to be a "fair" time to allow potential class members to opt-in). Castle Point further

---

[1] **Initially, Castle Point suggested a 45-day period, and was willing to agree to a 60-day period to try to avoid the Court's need to become involved in this process. Because so much time has elapsed since the lawsuit was filed and the extent to which information concerning the litigation has already been disseminated, such a lengthy notice period is no longer necessary. Plaintiffs would not agree to a 45-day period, requesting 120 days initially and then 90 days.**

requests that notice be distributed within five business days of the Court's order on this motion and plaintiffs' counsel receipt of the names and last known addresses of class members from Castle Point.

B.  The Number of Notices to Be Sent to Class Members.

Plaintiffs have also stated their intention to send out multiple notices to each class member. Castle Point has no opposition to plaintiffs resending notices that do not reach their intended recipients, *see De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312-13 (4th Cir. 2003) (allowing opt-in notices to be resent because they were either "undeliverable" or "returned to sender" because of incorrect addresses), but multiple notices to the same individual are likely to only have a harassing and coercive effect that is contrary to the Massachusetts Rules of Professional Conduct.[2]  *See* Mass. Supreme Judicial Court R. 3:07 § 7.3(a) ("In soliciting professional employment, a lawyer shall not coerce or harass a prospective client[.]")  For example, as requested by plaintiffs, they would have the right to send a notice to a class member every 2-3 weeks throughout a 90 or 120-day opt-in period. Such repeated mailings do not enhance the quality of the information received by class members but does allow the opportunity for harassment and coercion. Accordingly, Castle Point requests that plaintiffs be limited to a single mailing except in instances where the initial notice is returned as undeliverable.

Conclusion

For the reasons set forth above, Castle Point requests that this Court order that: (i) notice to class members be sent out in the form attached as Exhibit A with a 30-day period for class members to opt in to the litigation; (ii) in the absence of notices returned as undeliverable, only a

---

[2] **The Massachusetts Rules of Professional Conduct take great efforts to avoid this result and severely limit the manner and means by which lawyers may solicit clients.  *See* Mass. R. Prof. Conduct 7.3 (c)-(d) (prohibiting in-person solicitation of potential clients by telephone or electronic device and requiring all written communications to be maintained for two years).**

single notice be sent out to each class member; and (iii) that notices be sent out within five business days of this Court's Order and plaintiffs' receipt of the names and last known addresses of class members.

                              CASTLE POINT MORTGAGE, INC.,

                              By its attorney,

                              /s/ Christa von der Luft
                              Christa von der Luft (BBO#600362)
                              Nutter McClennen & Fish LLP
                              World Trade Center West
                              155 Seaport Boulevard
                              Boston, MA 02210
Date: September 9, 2005             (617) 439-2000

1461054.1

## NOTICE OF CLASS ACTION LAWSUIT

*Reinsmith and Dinsdale vs. Castle Point Mortgage, Inc.,*
*United States District Court for the District of Massachusetts*

**TO:** All persons employed as Loan Officers by Castle Point Mortgage, Inc. at any time from September ___ , 2002 to the present.

**FROM:** Ryan F. Stephan, Esq., Touhy &Touhy Ltd**.**
Erik H. Langeland, Esq., Erik H. Langeland, P.C.

**RE:** Right to Join Collective Action Seeking Overtime Compensation Against Castle Point Mortgage, Inc.

\*\*\*\*

**PLEASE READ THIS NOTICE CAREFULLY.**
**THIS NOTICE COULD AFFECT YOUR LEGAL RIGHTS.**

### I. INTRODUCTION

The purpose of this Notice is (1) to inform you of a collective action lawsuit against Castle Point Mortgage, Inc. ("Castle Point") that you may be able to join; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for participating in this lawsuit should you decide that it is appropriate. You are receiving this notice because Castle Point's records show that you were a Loan Officer employed by Castle Point between September ___, 2002 and the present.

### II. DESCRIPTION OF THE LAWSUIT

On June 6, 2005, plaintiffs Paul Reinsmith and Kevin Dinsdale (former Castle Point Loan Officers) filed a lawsuit in federal court in Massachusetts, contending that they were incorrectly classified as "exempt" from overtime compensation under the Federal Fair Labor Standards Act.
Plaintiffs seek compensation for the overtime they worked, plus interest, statutory penalties, reasonable attorneys' fees and litigation costs for themselves and for you, if you decide to join this lawsuit. This lawsuit is a collective action, meaning that the named plaintiffs are seeking to proceed on behalf of other similarly situated employees who may have similar FLSA claims.
Castle Point contends that the Loan Officers were properly classified as exempt employees and are not entitled to overtime pay in addition to the commissions and salaries they received. Castle Point also contends that to the extent the FLSA was violated, it was an innocent error and that all actions were taken in good faith. Castle Point also contends that there is no basis for penalties to be assessed against it.

### III. WHO CAN JOIN

The named plaintiffs seek to recover alleged unpaid overtime on behalf of themselves and also on behalf of current and former Loan Officers employed by Castle Point at any time from September ___, 2002 to the present who believe that they were not properly compensated.

If you have already brought a lawsuit against Castle Point for failure to pay overtime wages owed to you, you may not be eligible for this lawsuit.

#### IV. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you were a Castle Point Loan Officer as described above, you may join this suit (that is, you may "opt in") by mailing the "Opt-In Consent" form to Plaintiffs' counsel at the following address:

**TOUHY & TOUHY, LTD.**
Attn: Castle Point Mortgage, Inc. Class Action
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
(877) 372-2209
lawyers@touhylaw.com

This form must be returned in sufficient time to have Plaintiffs' counsel file it with the federal court on or before _____. If you do not return the "Opt-In Consent" form to Plaintiffs' counsel before the above deadline date, you may not be able to participate in the lawsuit.

#### V. EFFECT OF JOINING THIS SUIT

If you choose to join in the suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable. While this suit is pending, you may be required to respond to written questions, produce documents, sit for depositions, and/or testify in court. The attorneys for the class Plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit.

#### VI. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case. If you choose not to join in this lawsuit, you are free to file your own lawsuit. The statute of limitations will continue to run on your claim until you join this suit or file your own.

#### VII. NO RETALIATION PERMITTED

Federal law prohibits Castle Point Mortgage, Inc. from discharging or in any other manner discriminating against you because you join this lawsuit.

#### VIII. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, your interests will be represented by the named Plaintiffs through their attorneys, as counsel for the class. Counsel for the class are: Daniel K. Touhy, Esq., James B. Zouras Esq., and Ryan F. Stephan, Esq., TOUHY & TOUHY, LTD., 161 North Clark Street, Suite

2210,Chicago, Illinois 60601. Phone: (877)-372-2209. Facsimile: (312)-456-3838. Email: lawyers@touhlylaw.com., and the firm ERIK H. LANGELAND, P.C. by attorney Erik H. Langeland, 730 Fifth Avenue, 9th Floor, New York, New York, 10019. Phone: (212)-659-7774. Facsimile: (212)-898-9086.

### IX. FURTHER INFORMATION

You may obtain further information about this Notice, filing an "Opt-In Consent" form, or answers to questions concerning this lawsuit by writing or calling Plaintiffs' counsel at the number and address stated above.

Dated: _____   Sincerely,

_____.
TOUHY & TOUHY, LTD.

### \*\*PLEASE NOTE\*\*

There is a two (2) year deadline for filing overtime claims (or three (3) years if the violation was willful) running from the date(s) the overtime hours were actually worked. You have multiple deadlines if you worked overtime on multiple occasions.

1461055.1