UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>Castle Point Mortgage, Inc.,<br><br>　　　Defendant. | C.A. No. 05 11168 GAO |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AGAINST CHARLES SMITH

I.  INTRODUCTION

Plaintiffs are former employees of defendant Castle Point Mortgage, Inc. who allege, on behalf of themselves and others similarly situated, that they are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201-214, in addition to the salaries and commissions that they received as Loan Officers. Following Charles Smith's filing of an opt-in notice, Castle Point filed a counterclaim against Smith based on his employment by a competing mortgage company (the same company at which plaintiffs Reinsmith and Dinsdale work) in breach of the Loan Officer Confidentiality, Non-Competition, and Non-Solicitation Agreement ("Loan Officer Agreement") he signed with Castle Point. Contrary to plaintiffs' contentions, this Court does have jurisdiction over Castle Point's counterclaims and they should not be dismissed.

II.  FACTUAL BACKGROUND

Smith is a former Loan Officer of Castle Point. Counterclaim, ¶ 1. Upon commencing employment with Castle Point, he executed a Loan Officer Agreement, as did plaintiffs

Reinsmith and Dinsdale. Counterclaim, ¶ 2. Pursuant to the Loan Officer Agreements, Smith agreed, *inter alia*, that during his employment and for a six month period following his employment, he would not compete with Castle Point and would not become employed by any entity engaged in some or all of the same business as Castle Point in Massachusetts. Counterclaim, ¶ 3. Immediately following the termination of his employment with Castle Point, Smith began working as a Loan Officer for First Call Mortgage (with plaintiffs Reinsmith and Dinsdale) in Massachusetts. Counterclaim, ¶ 4.

III.   THIS COURT HAS DIVERSITY JURISDICTION OVER DEFENDANT'S COUNTERCLAIMS.

Federal courts have jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between the citizens of different states. 28 U.S.C. § 1332(a)(1). The amount in controversy requirement is met unless it appears to a "legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938), *cited by Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001). Castle Point will be seeking to recover as damages any revenue generated by Smith for his new employer during the six-month non-compete period. Castle Point estimates this revenue alone to be well in excess of $75,000. Vanderbilt Aff., ¶ 3, Attached as Exhibit A. Plaintiffs offer nothing, other than their own conclusory assertions, to support their contention that the amount in controversy threshold has not been met.

Plaintiffs also contend, again without support, that Castle Point's counterclaims have been brought for a retaliatory and improper purpose. What plaintiffs do not address, however, is that each of them, and Smith, signed Loan Officer Agreements which they blatantly violated by going to work for a competitor in the same office park as Castle Point following the termination

of their employment at Castle Point. Contrary to plaintiffs' assertions, the Loan Officer Agreement does not seek, nor does it have the effect of depriving Smith of his livelihood in Massachusetts. The Loan Officer Agreement is narrowly tailored and only prevents Smith from working for a competitor of Castle Point for a six-month period. Smith had at least six years of work experience before joining Castle Point, none of which was in the mortgage brokerage industry. Smith is free to work in any of these areas immediately and can re-enter the mortgage industry following the six-month non-compete period.

IV. THIS COURT ALSO HAS SUPPLEMENTAL JURISDICTION OVER DEFENDANT'S COUNTERCLAIMS.

In any civil action in which "the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court "exercising jurisdiction over an asserted federal-question claim must also exercise supplemental jurisdiction over asserted state law claims that arise from the same nucleus of operative facts." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256 (1st Cir. 1996). The First Circuit has often equated the test for supplemental jurisdiction with the test for determining whether a counterclaim is compulsory under Fed. R. Civ. P. 13. *Inglesias v. Mut. Life Ins. Co.*, 156 F.3d 241, 242 (1st Cir. 1998). A counterclaim is compulsory if it arises out of "the same transaction or occurrence that is the subject of the opposing party's claim." FED. R. CIV. P. 13(a). One of the several tests for determining whether the claims arise from the same "transaction or occurrence" is to determine whether there is "a logical relation between the claim and the counterclaim." *Inglesias*, 156 F.3d at 241-42.

Here, the same set of operative facts serve as the basis for both Castle Point's counterclaim and the underlying FLSA claim in that both arise out of the same employment relationship between plaintiffs and Castle Point. *See Prakash v. American Univ.*, 727 F.2d 1174, 1183 (D.D.C. 1984) (plaintiff's FLSA claims against his former employer and state law claims for breach of contract, interference with contractual relations, deceit, and defamation arise from common nucleus of operative facts). Resolution of the counterclaim against Smith (and against the named plaintiffs) will also require examination of overlapping evidence and witnesses. A key issue in the FLSA claim will be whether the Loan Officer positions were properly classified as exempt, which will require examination of their job responsibilities. An issue in Castle Point's counterclaims is the legitimate business interests – its customer relationships, good will and confidential business information – that Castle Point strove to protect through use of the non-competition agreements. Proof of these legitimate business interests will also require examination of Smith's job responsibilities. In addition, Smith, Reinsmith and Dinsdale are all working for the same competitor and are likely to have discoverable information concerning each other's breaches of the Loan Officer Agreement.

Contrary to plaintiffs' assertions, there are no compelling reasons for this Court to decline to exercise supplemental jurisdiction. First, the mere fact that plaintiffs seek to assert claims on a collective basis does not limit Castle Point's right to assert counterclaims. *See, e.g., M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635 (D. Mass. 1984) (permitting discovery to proceed concerning defendant's counterclaims against Rule 23 class members). Second, plaintiffs' allegation that Castle Point's counterclaims will "unduly intimidate" potential plaintiffs from opting is also not supported by events to date: Castle Point's counterclaims were filed on July 12, 2005; since then, three additional plaintiffs have filed opt-in notices without

notice to class members being sent out. Third, there is no reason why the existence of counterclaims should in any way hinder the issuance of notice to class members.

V.  CONCLUSION

Castle Point requests that this Court deny plaintiffs' motion to dismiss as there is a basis to exercise both diversity jurisdiction and supplemental jurisdiction over Castle Point's counter claims.

CASTLE POINT MORTGAGE, INC.,

By its attorney,

/s/ Christa von der Luft
Christa von der Luft
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Date: September 12, 2005

1460571.1

EXHIBIT A

AFFIDAVIT OF STEVEN VANDERBILT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CASTLE POINT MORTGAGE, INC., <br><br> Defendant. | C.A. No. 05 11168 GAO |

## AFFIDAVIT OF STEVEN VANDERBILT

I, Steven Vanderbilt, hereby state, under oath, as follows:

1. I am a Vice President and part owner of Castle Point Mortgage, Inc. I have held this position for approximately two years. I have worked in the mortgage loan industry since 1988.

2. As a Vice President of Castle Point, I am familiar with the amount of revenue loan officers generate for Castle Point on a monthly basis.

3. Based on my knowledge of Smith's performanc e at Castle Point, and my knowledge of the mortgage loan industry generally, I estimate that over a six-month period, Smith will generate in excess of $90,000 in gross revenue on behalf of his new employer.

Signed under the penalties of perjury, this 12 $^{TH}$ day of September, 2005.

_____
Steven Vanderbilt