UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASTLE POINT MORTGAGE, INC.<br><br>Defendant. | C.A. No. 05 11168 GAO |

## STIPULATED PROTECTIVE ORDER

The discovery procedures in this case may require disclosure of information regarded by the producing party as confidential, including proprietary business information or private employee or customer information. Accordingly, the parties stipulate to this Order requiring that disclosure of the information in question will be marked as "Confidential" and covered by the following terms of this Stipulated Protective Order.

1. Any document, testimony, or other information provided by a party which that party contends, in good faith, contains proprietary business information or private, confidential employee or customer information, and is entitled to protection, may be designated as Confidential, and, except as permitted by further order of this Court, such designated documents or testimonial information shall be received by counsel of record for the other party upon the terms and conditions of this Protective Order.

2.  Documents or tangible items shall be designated Confidential within the meaning of the Protective Order in the following ways:

(a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL."

(b) In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the cover sheet and pages containing the confidential information the legend "CONFIDENTIAL."

(c) In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL."

3.  Whenever any information designated Confidential is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such information under this Order.

4.  In the case of Confidential deposition testimony, the Parties shall give prompt notice of their invocation of the protection of this Order by making a statement to that effect at the deposition or by so indicating to all counsel of record within thirty days of receipt of the deposition transcript. All deposition testimony shall presumptively treated as Confidential for a period of thirty days following the receipt of the transcript by the Parties.

5.  Documents marked Confidential shall be disclosed only to the following people:

(a) Counsel of record, their associates, and regular support staff;

(b) Parties;

(c) Any deponent during a deposition;

(d) Experts consulted or retained to testify at the trial of this case;

(e) The Court; and

(f) Such other persons as may be designated by written agreement of the parties or by Order of the Court.

6. Before disclosure of information designated Confidential to the persons designated in paragraphs 3(b), (c), (d), or (f), such persons shall execute a written assurance, in the form attached as Exhibit A, that such persons will protect the confidentiality of the information received consistent with this Stipulated Protective Order. Such written assurances shall be maintained by counsel until the conclusion of this litigation.

7. In the event that information is provided in discovery without any designation, such information may be designated confidential at a later time by producing substitute copies of the documents or interrogatory answers bearing the desired designation, and shall be treated as confidential by the parties. Earlier produced copies of the documents or interrogatory answers without the appropriate designation shall then be destroyed.

8. Information designated Confidential shall be used only for purposes of this litigation.

9. If the parties wish to use any Confidential material in connection with a motion in this action, the party planning to use the material must file the Confidential material under seal.

10. Nothing in this Stipulated Protective Order shall be deemed a waiver by the parties of their right to challenge the designation of any document or information as Confidential. The parties may, upon duly noticed motion, challenge the treatment of particular documents as Confidential or seek relief from or modification of this Stipulated Protective Order. If such a challenge is made, pending a final Court ruling, the parties agree to treat the documents in accordance with this Stipulated Protective Order.

- 4 -

11. Upon final determination of this action, including all appeals, counsel will assemble and return to opposing counsel all Confidential materials protected under this Stipulated Protective Order, including all copies which have been made.

12. Nothing in this stipulation shall be deemed a waiver by the parties of any objection otherwise applicable to discovery.

IT IS SO STIPULATED THIS 17th DAY of FEBRUARY, 2006.

| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of all Others Similarly Situated | CASTLE POINT MORTGAGE, INC. |
|---|---|
| By their attorney, | By its attorney, |
| s/ Erik H. Langeland<br>Erik H. Langeland (BBO #567388)<br>Erik H. Langeland, P.C.<br>730 Fifth Avenue, 9th Floor<br>New York, NY 10019<br>(212) 659-7774<br>erik.h.langeland@rcn.com | s/ Christa von der Luft<br>Christa von der Luft (BBO #600362)<br>Nutter McClennen & Fish LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 439-2000 |

SO ORDERED.

_____
United States District Judge

Date:

1489007.1

# EXHIBIT A

# EXHIBIT A

## WRITTEN ASSURANCE

I, _____, state that I have read and fully understand the STIPULATED PROTECTIVE ORDER dated _____; that I am fully familiar with and agree to comply with and be bound by the provisions of said STIPULATED PROTECTIVE ORDER; and that, in addition, I agree to treat all Confidential documents as follows:

1. I shall not discuss information derived from these documents with any person, except for persons listed in the STIPULATED PROTECTIVE ORDER, and with those persons, discussion will be only in furtherance of this litigation.

2. I will otherwise do all that I can to protect the confidentiality of all confidential documents disclosed to me in the course of this litigation.

_____
Signature

Dated:

761262.2

1489073.1