**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, ))) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 05-11168 GAO |
| v. ) | |
| ) | |
| CASTLE POINT MORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND OTHER RELIEF**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs move for a temporary restraining order and a preliminary injunction to restrain and enjoin Defendant Castle Point Mortgage, Inc., from all retaliatory conduct against its current and former employees. Plaintiffs brought a Fair Labor Standards Act (FLSA) collective action against Castle Point for its widespread failure to pay loan officers overtime wages. The FLSA specifically prohibits retaliation against anyone who joins an FLSA collective action. 29 U.S.C. §215(a)(3). From the date that Plaintiffs initiated this action, Castle Point has engaged in a relentless effort to harass class members and to intimidate eligible loan officers by filing counterclaims and state law claims against them. Plaintiffs seek a temporary restraining order and a preliminary injunction, specifically to enjoin Castle Point from filing or pursuing state-law claims against Plaintiffs or potential plaintiffs, from intimidating Plaintiffs or potential plaintiffs, and from communicating with potential class members about this action—as each of these retaliatory acts are prohibited by the Fair Labor Standards Act, Section 215(a)(3).

As grounds for this motion, which are further delineated in Plaintiffs' Memorandum Of Law in support of this motion, Plaintiffs state that Castle Point has: 1) filed lawsuits against members of this class to punish them for participating; 2) threatened potential members of this class with lawsuits and other retaliation, including termination, to intimidate them so they will not join this case; and, 3) misled potential class members as to the merits of this case to dissuade them from joining or even inquiring about their rights.  Unless this temporary restraining order and preliminary injunction is issued, Plaintiffs will suffer immediate and irreparable injury.

To obtain a temporary restraining order or a preliminary injunction plaintiffs must show: (1) a likelihood of success on the merits; (2) potential for irreparable harm if the injunction is denied; (3) the balance of hardship to the plaintiff if the injunction is not issued against the hardship to the defendant if the requested injunction is issued; and, (4) the effect of the proposed injunction on the public interest. *Cablevision of Boston, Inc. v. Public Improvement Commission of the City of Boston, Et. Al.*, 38 F.Supp 2d 46, 13-14, U.S. Dist Ct (1st Cir 1999); *Campbell Soup Co. v. Giles*, 47 F.3d 467, 469-470 (1st Cir. 1995); *see also* Fed. R. Civ. P 65.

Plaintiffs have a strong likelihood of success on the merits of their FLSA overtime claim since: 1) Plaintiffs worked overtime during the statutory period, 2) they were not paid for their overtime, and 3) Castle Point cannot prove that an exemption exists to the FLSA that applies to loan officers. 29 U.S.C. § 207.  The Department of Labor, moreover, has specifically concluded in two opinion letters that loan officers are not exempt from overtime.

Plaintiffs have suffered, and will continue to suffer, irreparable harm in the absence of a temporary restraining order and preliminary injunction because many must now defend themselves against Castle Point's lawsuits. Some Plaintiffs have withdrawn from this lawsuit and released their claims for overtime to avoid having to defend against Castle Point's lawsuit. And those potential plaintiffs that have been intimidated by the prospect of Castle Point's retaliation are harmed as their claims are diminished or extinguished each day by the operation of the statute of limitations. *See, e.g., Hipp v. Liberty National Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). Moreover, Castle Point's communications with potential class members have misinformed them about this case and attempted to dissuade them from joining. This ongoing retaliation is so extensive that, absent an injunction, there is little doubt that the vast majority of those whose rights are at stake will forego their right to contest Castle Point's failure to pay overtime, as it presents to great a risk of economic and other harm to them.

Similarly, Plaintiffs will suffer significant hardship if a temporary restraining order and preliminary injunction are not issued as the harm from Castle Point's retaliatory actions is ongoing. Those who have been sued must defend against Castle Point's lawsuits at great expense. Plaintiffs must also overcome the fear instilled in the potential class by those lawsuits. And Plaintiffs must dispel Castle Point's misleading communications as to the merits of this case. Without a court order restraining or enjoining Castle Point's retaliatory conduct, Castle Point will have succeeded in depriving class members and potential class members of the opportunity of even asserting their right to overtime. In contrast, Castle Point suffers virtually no harm, as its lawsuits would merely be postponed until the resolution of this case. Unlike potential plaintiffs,

3

Castle Point's claims do not diminish day-by-day. As the statute of limitations applicable to Castle Point's claims is six years, they will not be affected by the statute of limitations.

A temporary restraining order and preliminary injunction enjoining Defendant's retaliatory conduct is also in the public's best interest, as it is the public's rights that are at stake. The anti-retaliatory provisions of the FLSA are designed "to foster a climate in which compliance with the substantive provision of the Act would be enhanced." *See, e.g. Valerio v. Putnam Associates,* 173 F.3d 35, 43 (1st Cir. 1999). Here, Castle Point has failed to follow the substantive provisions of the Act and now seeks to excuse its violation by instilling fear in potential class members to limit their participation. A restraining order and preliminary injunction are necessary to allow Plaintiffs and potential plaintiffs the opportunity to have their rights adjudicated. Denying this Motion merely rewards Castle Point for its retaliatory conduct at the expense of those who are entitled to the FLSA's protection.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court issue a Temporary Restraining Order and a Preliminary Injunction against Castle Point.

## CERTIFICATON

Plaintiffs' Counsel certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issues raised in this Motion.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument.

Dated: March 28, 2006                    Respectfully Submitted

                                         /s/ Erik H. Langeland
                                         Erik H. Langeland (BBO 567388)
                                         730 Fifth Avenue, 9th Floor
                                         New York, NY 10019
                                         (212) 659-7774
                                         ATTORNEY FOR PLAINTIFFS