IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 05-11168 GAO |
| v. | ) | |
| | ) | |
| CASTLE POINT MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

### PROCEDURAL HISTORY

On June 6, 2005, Plaintiffs brought a collective action against Castle Point Mortgage, Inc. (hereinafter "Castle Point"), Inc. for its widespread failure to pay overtime to its loan officer employees as required by the Fair Labor Standards Act ("FLSA"). Castle Point filed an answer on July 12, 2005 and simultaneously brought state-law counterclaims against named plaintiffs, Kevin Dinsdale and Paul Reinsmith, for their alleged breach of a non-compete agreement so vast in geographic scope as to be enforceable on its face. Castle Point later filed three additional counterclaims against former employees—Charles Smith, Amanda Raffenello, and Eric Jensen— all of whom had likewise recently joined this action. Dinsdale and Reinsmith moved to dismiss each of these counterclaims, arguing that this Court should dismiss Castle Point's counterclaims because they were prohibited by the anti-retaliation provisions of the FLSA.

Confronted with Plaintiffs' motion seeking dismissal based upon Castle Point's retaliatory conduct, Castle Point abruptly dismissed all of its counterclaims on January 6, 2006. On the same day it dismissed its federal counterclaims, however, Castle Point filed state

1

actions against Dinsdale[1], Reinsmith[2], and Raffenello[3] for the identical causes of action it had

raised in its counterclaims.  Upon information and belief, Castle Point also filed an action

against Smith on that date and intended to file an action against Jensen.  Jensen, however,

decided to withdraw his overtime claim against Castle Point in exchange for Castle Point's

release of its claims against him.  Jensen withdrew from this action, despite having a

meritorious and substantial claim for more than approximately fifteen months of unpaid

overtime.  Castle Point filed another state-law claim against Nichol Hannaford one week after

this Court authorized notice to be issued.[4]  Hannaford responded by withdrawing from this

action out of fear of having to defend herself against Defendant's state-law claim.  Like Jensen,

she has done so despite having a meritorious claim for a year of unpaid overtime.

On February 9, 2006, this Court authorized notice to be sent to 254 current and former

loan officers to inform them of this lawsuit.  Unbeknownst to Plaintiffs, Defendant had

implemented its own scheme to covertly communicate with these same persons and actively

discourage their participation.  Affidavit of Jason Lewis ("Exhibit A") ¶¶6, 12.

Among other things, Castle Point required prospective members of this class, without

notice to Plaintiffs' counsel or this Court, to attend meetings in which it: 1) misled them about

the facts and merits of this case; 2) discouraged them from joining; and, 3) made clear that it

would immediately take adverse action against anyone who joined.  Exhibit A ¶¶6-12.  Those

who attended the meetings were understandably afraid that Castle Point would terminate or

take adverse employment action against them if they asserted their rights by joining this

lawsuit. Castle Point's improper communications with its captive audience have been very

---

[1] Castle Point Mortgage, Inc. vs. Kevin Dinsdale, Civil Action No.: 06-0052, Middlesex Superior Court.
[2] Castle Point Mortgage, Inc. vs. Paul Reinsmith, Civil Action No.: 06-0065, Suffolk Superior Court.
[3] Castle Point Mortgage, Inc. vs. Amanda Raffenello, Civil Action No.: 06-18B, Essex Superior Court.
[4] Castle Point Mortgage, Inc. vs. Nichol C. Hannaford, Civil Action No.: 06-260C, Essex Superior Court.

effective. Despite two mailings, out of the 254 people who received notices, only seven (less than 3%) have even inquired about this case.

Faced with Castle Point's harassment of this class and its intimidation of potential class members, Plaintiffs sought and obtained authorization from the Massachusetts Attorney General's Fair Labor and Business Practices Division to bring a private action. Exhibit B. On March 15, 2006, that office assented to a private lawsuit under Massachusetts General Laws chapter 149, §150 and Chapter 151, §§1B and 20, which establish "a private right of action for employees who believe they are victims of certain violations of the state wage laws." Exhibit B.

Having obtained the necessary authorizations, Plaintiffs now move to amend their complaint to raise state-law claims that provide additional remedies to safeguard Plaintiffs' rights. Exhibit C. They do so within the time-frame contemplated by this Court's Scheduling Order, which provides until July 18, 2006 for this Motion.

## LEGAL ARGUMENT

Leave to amend a complaint "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962), quoting Fed. R. Civ. P. 15(a). Accordingly, the United States Supreme Court has recognized that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave sought should, as the rules require, be "freely given."

*Foman*, supra 371 U.S. at 182.

The First Circuit has held that "[w]hile courts may not deny an amendment solely

because of delay and without consideration of the prejudice to the opposing party,… it is clear that "undue delay" can be a basis for a denial." *Tiernan v. Blyth, Eastman, Dillon & Co.* 719 F.2d 1, 4 (1st Cir. 1983)(quoting *Hayes v. New England Millwork Distributors, Inc.* 602 F.2d 15, 19 (1st Cir. 1979).  If there has been an excessive delay the burden is then placed on the movant to show a valid reason for the delay.  *See, e.g., Tiernan* 719 F.2d at 4 (denying a motion to amend because the movant delayed two years and provided no justification for the delay).

Here, the plaintiffs have asserted new claims only nine months since filing this case and only a matter of weeks since obtaining the requisite authorization to bring a private lawsuit under Massachusetts state law.  Indeed, the parties only recently had their first conference with the Court on February 9, 2006.  Plaintiffs have, therefore, promptly brought their motion to amend.

Even if Defendants could somehow demonstrate prejudicial delay, which they clearly cannot, Plaintiffs' motion has been brought for good reason.  At the February 9, 2006, this Court authorized notice to be issued.  Since that time, the Plaintiff class has been exposed to Defendant's disinformation and intimidation campaign designed to limit the size of the class. Because Defendant has: 1) retaliated against class members, 2) threatened potential class members, and 3) misinformed potential class members about this case, it has successfully interfered with a fair adjudication of the rights of the aggrieved.  Exhibit A.  Thus, Defendant's underhanded tactics have compelled Plaintiffs to file this motion to include a cause of action for retaliation and seek redress under Massachusetts wage and hour laws.

Defendant cannot seriously dispute that Massachusetts employees are entitled to assert rights afforded them under Massachusetts laws, including rights to unpaid overtime.  These laws afford Massachusetts litigants with additional remedies, such as treble damages.  Exhibit B. Plaintiffs would be greatly prejudiced if they were not entitled to bring their state law claim

because they would be deprived of remedies unavailable under federal law.

In contrast, Defendant will suffer no prejudice as a result of plaintiffs' motion.  Little discovery has occurred to date and no depositions have been taken.  The new claims will require neither significant additional discovery nor a new discovery deadline.  Further, the new state claims involve unpaid overtime, which is the same type of claim previously asserted under federal law. Therefore, the defense of the matter will not change.

Plaintiffs have promptly brought a motion to amend their complaint to assert causes of action and remedies necessary to safeguard their rights in the face of Defendant's misconduct. Basic notions, of fairness, equity and due process dictate that Plaintiffs' Motion be allowed.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for leave to amend their complaint, under Rule 15(a) of the Federal Rules of Civil Procedure, to add claims for failure to pay overtime wages in violation of Massachusetts General Laws chapter 149§150 and chapter 151 §§1B and 20.

## CERTIFICATON

Plaintiffs' Counsel certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issues raised in this Motion.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument.

Dated: April 12, 2006                                Respectfully Submitted

/s/ Erik H. Langeland
Erik H. Langeland (BBO 567388)
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
ATTORNEY FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and accurate copy of the above documents to be served on the attorney for Castle Point Mortgage, Inc. electronically.


Dated: April 12, 2006

/s/ Erik H. Langeland
Erik H. Langeland
BBO # 567388
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
(212) 898-9086 (Fax)
Erik.h.langeland@rcn.com

# EXHIBIT A

## AFFIDAVIT OF JASON LEWIS

I, Jason Lewis, under the pains and penalties of perjury state as follows:

1. My name is Jason Lewis. I am over the age of 18, competent, and make this affidavit based on my person knowledge except where I have stated that it is upon information and belief.

2. I was employed as a loan officer for Castle Point Mortgage, Inc. from September 2004 to July 2005.

3. During that time, I was required to work more than 40 hours per week. I was not compensated for any overtime I worked.

4. I was also employed as a Manager for Castle Point from July 2005 to September 2005.

5. As a Manager, per companywide policy I was required to instruct loan officers to work more than 40 hours a week. They were not compensated for their overtime.

6. I attended a meeting in New York City in July 2005, for all Sales Managers. Charles Easter, the Director of Sales Managers, and the three owners of Castle Point, Christopher Infantino, Gerald Infantino, and Stephan Vanderbilt were also in attendance.

7. During the meeting, Christopher Infantino and Steven Vanderbilt informed us that Kevin Dinsdale and Paul Reinsmith had filed a lawsuit against Castle Point for unpaid overtime. Some of the managers in attendance, myself included, were eligible to join in because we had worked as loan officers during the relevant time period. During that meeting, Christopher Infantino and Steven Vanderbilt actively discouraged any of us from joining this lawsuit.

8. Christopher Infantino and Steven Vanderbilt also advised us that the lawsuit was brought by two "disgruntled" former employees for the purpose of "getting even" with Castle Point. They further stated that Dinsdale and Reinsmith had "twisted" an "old law" for their wrongful purposes.

9. They led us to believe that the case was baseless. They did not mention that Castle Point faced millions of dollars of liability, that the Department of Labor had issued opinion letters concluding that loan officers were not exempt from overtime, or that we were entitled to join the case by law without fear of reprisal.

10. Christopher Infantino said that Castle Point had previously been inclined to settle lawsuits brought against them but had reconsidered and was determined to vigorously and aggressively fight them.. He stated, "we know we have more money than anyone who sues us." Christopher Infantino then emphasized that

Castle Point would use its superior financial position vis-à-vis its loan officers to make filing a lawsuit against it so prohibitively expensive that no former loan could realistically do so.

11. During the course of my employment at Castle Point, I learned that former loan officers who had joined the Dinsdale and Reinsmith lawsuit were immediately countersued by Castle Point. Most of the other loan officers learned of these countersuits and as a consequence, became afraid of also being sued by Castle Point in retaliation for joining the lawsuit.

12. I learned that Castle Point held mandatory meetings with its loan officers to inform them of this lawsuit and to dissuade them from joining.

Jason Lewis

Sworn to before me this

24th day of _March_, 2006

Middlesex, SS                    Commonwealth of MA

Notary Public: Erica Gesing

My Commission Expires: 11/10/11

# EXHIBIT B



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

March 15, 2006

Kevin Dinsdale
c/o Ryan F. Stephan
Touhy & Touhy LTD
161 North Clark Street, Suite # 2210
Chicago, Illinois 60601

**Re: Authorization for Immediate Private Suit - Castle Point Mortgage Inc.**

Dear Mr. Dinsdale:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)





# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

March 15, 2006

(617) 727-2200
www.ago.state.ma.us

Paul Reinsmith
c/o Ryan F. Stephan
Touhy & Touhy LTD
161 North Clark Street, Suite # 2210
Chicago, Illinois 60601

**Re: Authorization for Immediate Private Suit - Castle Point Mortgage Inc.**

Dear Mr. Reinsmith:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CASTLE POINT MORTGAGE, INC., | ) ) ) |
| Defendant. | ) |

Case No. 05-11168 GAO

**FIRST AMENDED COLLECTIVE ACTION
COMPLAINT AND JURY DEMAND**

**JURISDICTION AND VENUE**

1.  This is an action for monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, 29 U.S.C. §215(a)(3) *et seq.,* Massachusetts Wage and Hour Law and M.G.L.A. Chapters 149 and 151 *et seq.* This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) and as a state-wide class action under F.R.C.P., Rule 23(b)(3).

2.  The Court has jurisdiction of the federal claims under 28 U.S.C. §1331 and 1367.

3.  The Court has supplemental jurisdiction over the state law claims.

4.  Plaintiffs are the individuals named above and those who file consent forms with the Court.   Plaintiffs Paul Reinsmith and Kevin Dinsdale are residents of Massachusetts.

5.  Defendant, Castle Point Mortgage, Inc., managed Plaintiffs' work, including the amount of overtime required to be worked, in Defendant's Massachusetts office.

6.  Venue is appropriate under 28 U.S.C. §1391, because Defendant, Castle Point Mortgage, Inc., is a Massachusetts corporation doing business in the State of Massachusetts and throughout the United States, including but not limited to a facility located at 300 Brickstone Square, Suite 603, Andover, Massachusetts 01810. Defendant, Castle Point Mortgage, Inc., managed Plaintiffs' work, including the amount of overtime required to be worked, in Defendant's Massachusetts office.

7.  Venue is also appropriate under 28 U.S.C. §1331(b)(2) because a substantial part of the events giving rise to these claims occurred in this County.

## GENERAL ALLEGATIONS

8.  Plaintiffs, and the similarly situated employees have been employed as loan officers for Defendant at locations across the country.

9.  This action is brought as a national collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages, retaliatory damages and punitive damages owed to Plaintiffs and all other loan officers employed by, or formerly employed by Castle Point Mortgage, Inc., its subsidiaries and affiliated companies.

10. This action is brought as a Massachusetts state-wide class action to recover unpaid overtime compensation, unlawfully withheld wages, treble damages and other damages owed to Plaintiffs and all other loan offices employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies located in the State of Massachusetts.

11. During the statutory period, Plaintiffs and the similarly situated employees routinely worked in excess of forty (40) hours per week.

12. During the statutory period, Defendant did not pay overtime compensation to Plaintiffs.

13. During the statutory period, Defendant did not pay overtime compensation to similarly situated employees.

14. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 et seq., specifically § 207(a)(1). As a result of this unlawful practice, Plaintiffs and the similarly situated employees suffered a loss of wages.

15. This practice also violates the provisions of Massachusetts G.L.A. Chapters 149 and 151 *et seq.* As a result of this unlawful practice, named Plaintiffs and the Plaintiff class suffered a loss of wages.

16. Defendant failed to pay overtime wages and other benefits to Plaintiffs and other similarly situated loan officers during their employment by intentionally, willfully and improperly designating the position of loan officer as exempt from federal law in direct violation of the FLSA, despite two Department of Labor, Wage and Hour Division, Opinion Letters, dated May 17, 1999 and February 16, 2001 respectively, concluding that loan officers were not exempt from the overtime requirements of the FLSA.

17. Defendant failed to pay overtime wages and other benefits to Plaintiffs and similarly situated loan officers during their employment by intentionally, willfully and improperly designating the position of loan officer as exempt from state law in direct violation of Massachusetts G.L.A. Chapters 149 and 151 *et seq.*

18. Plaintiffs demanded time and one-half compensation for all hours worked over forty per week to which they are entitled, but the Defendant has willfully failed and refused to compensate plaintiffs in accordance with the FLSA or Massachusetts G.L.A. Chapters 149 and 151 *et seq.*

19. Upon information and belief, Defendant has retaliated against certain plaintiffs by selectively enforcing a non-compete agreement by bringing suit against named plaintiffs Kevin Dinsdale and Paul Reinsmith and opt-in plaintiffs Charles Smith, Amanda Raffenello, Nichol Hannaford, and Eric Jensen after they had joined this litigation. Defendant has also retaliated against potential opt-ins by making coercive statements dissuading potential opt-ins from joining this lawsuit. Defendant's misconduct has contaminated the environment and created an aura of fear in an effort to prevent opt-ins from exercising their rights under the FLSA.

20. Plaintiffs will immediately request the Court to authorize notice to all such persons informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to the FLSA 29 U.S.C. §216(b), for the purpose of seeking overtime compensation, liquidated damages and other damages under Federal law.

21. Plaintiffs will also request that the Court certify a class of Massachusetts loan officers pursuant to F.R.C.P. Rule 23(b)(3) for purposes of seeking overtime compensation and other available damages under Massachusetts G.L.A. Chapters 149 and 151 *et seq.*

**COUNT I**
**FAIR LABOR STANDARDS ACTION**
**29 U.S.C. § 201 ET SEQ.**
**UNPAID WAGES/OVERTIME**

22. Plaintiffs re-allege Paragraphs 1 through 21 above.

23. The foregoing actions of Defendant constitutes violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

24. Defendant is liable to Plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b).

<u>COUNT II</u>
**RETALIATION IN VIOLATION OF**
**29 U.S.C. §215(a)(3)**

25. Plaintiffs re-allege Paragraphs 1 through 24 above.

26. Defendant knowingly, willfully and intentionally retaliated against Plaintiffs Kevin Dinsdale and Paul Reinsmith, opt-in Plaintiffs Charles Smith, Amanda Raffenello, Nichol Hannaford, and Eric Jensen, other members of the class by selectively enforcing non-compete agreements and filing lawsuits against them for opposing Defendant's unlawful failure to pay overtime wages and for participating in this action.

27. Defendant knowingly, willfully and intentionally retaliated against Plaintiffs and other similarly situated loan officers by making coercive statements and contaminating the environment to dissuade them from joining this action.

28. Defendant knowingly, intentionally and willfully violated and continues to violate FLSA, 29 U.S.C. §215(a)(3).

29. Defendant's retaliation against Plaintiffs Kevin Dinsdale and Paul Reinsmith and opt-in Plaintiffs Charles Smith, Amanda Raffenello, Nichol Hannaford, Eric Jensen, and other members of the class caused them to suffer financial loss and

other compensatory damages including, but not limited to, injury to career and professional reputation, emotional pain, distress, embarrassment and mental anguish.

## COUNT III
## MASSACHUSETTS G.L.A. Chapter 149 and 151 *et seq.*
## UNPAID WAGES/OVERTIME

30. Plaintiffs re-allege Paragraphs 1 through 30 above.

31. Plaintiffs also seek to bring this lawsuit on behalf of themselves individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiffs) subject to entry of an order certifying this cause as a Massachusetts state class action pursuant to F.R.C.P., Rule 23(b)(3).

32. F.R.C.P., Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

    a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

    c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

    d. The representative parties will fairly and adequately protect the interests of the class; and,

    e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

33. Plaintiffs seek certification of the following class:

    a. "All individuals who were employed by defendant, its subsidiaries and affiliated companies, as loan officers in the state of Massachusetts at any

time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay."

## Numerosity

34. The Plaintiffs satisfy the numerosity standards. There is no question that this lawsuit encompasses hundreds of potential claimants. The proposed class can be identified and located using defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

35. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether the class members qualify for exempt status;

    b. Whether the defendant conducted an analysis of class members' compensation before classifying them as exempt;

    c. Whether the defendant conducted an analysis of class members' duties and tasks before classifying them as exempt;

    d. Whether the plaintiffs worked in excess of 40 hours per week;

    e. Whether the plaintiffs are expected to work in excess of 40 hours per week;

    f. Whether defendant's practice violates the overtime provisions of Massachusetts G.L.A. Chapters 149 and 151 *et seq.*

    g. Whether the defendant's failure to pay overtime was willful; and,

    j.   Whether plaintiffs and the class have suffered damages and the proper measure of those damages.

36.  The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

37.  Plaintiffs' claims are typical of the claims of the class members.  Named plaintiffs suffered similar injuries as those suffered by other class members as a result of Defendant's failure to pay overtime.

### Adequacy

38. Named Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent.  The interests of the class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel.  Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these

claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

40. Massachusetts law states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 per week. Massachusetts G.L.A. c. 151 §1A.  Plaintiffs regularly worked more than 40 hours per week during their employment, but were not paid overtime.

41. Plaintiffs have been authorized by the Massachusetts Office of the Attorney General to bring their claims as a civil lawsuit under Massachusetts General Laws chapter 149, 150 and 151.  (See Authorization attached hereto as exhibit A)

42. The foregoing actions of Defendant constitutes violations of Massachusetts G.L.A. c. 151 §1A et seq.  Defendant's actions were willful and not in good faith.

43. Defendant is liable to Plaintiffs for actual damages, treble damages, equitable relief and any other damages awarded by this court, pursuant to Massachusetts General Law and F.R.C.P., Rule 23(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorney, Erik H. Langeland, demand judgment against the Defendant, CASTLE POINT MORTGAGE, INC., and in favor of the Plaintiffs

and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

1. Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all loan officers employed by Defendant from across the United States who currently work or have worked for the Defendant within the last (3) years;

2. Authorize Plaintiffs' counsel to issue corrective notice at the earliest possible time to all current and former loan officers employed by the Defendant during the three years immediately preceding this action, informing them that this action has been filed, of the nature of the action, of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA and of Defendant's retaliatory conduct;

3. Certify a class of individuals who were employed by defendant as loan officers in the state of Massachusetts at any time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay;

4. Declare and find that the Defendant committed one or more of the following acts:

   a. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

   b. Willfully violated overtime provisions of the FLSA;

   c. Violated overtime provisions of the Massachusetts G.L.A. Chapter 149 and 151 *et seq.,* by failing to pay overtime wages to Plaintiffs; and,

   d. Willfully violated overtime provisions of the Massachusetts G.L.A. Chapter 149 and 151 *et seq.*

5. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

6. Award interest on all overtime compensation due accruing from the date such amounts were due;

7. Award treble damages where appropriate;

8. Award punitive damages where appropriate;

9.  All costs and attorney's fees incurred prosecuting this claim;

10. Leave to amend to add claims;

11. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.


Dated: April 12, 2006                          Respectfully Submitted

                                               /s/ Erik H. Langeland
                                               Erik H. Langeland
                                               Erik H. Langeland, P.C.
                                               730 Fifth Avenue, 9th Floor
                                               New York, NY 10019
                                               (212) 659-7774
                                               Erik.h.langeland@rcn.com
                                               ATTORNEY FOR PLAINTIFFS

# EXHIBIT A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

March 15, 2006

Kevin Dinsdale
c/o Ryan F. Stephan
Touhy & Touhy LTD
161 North Clark Street, Suite # 2210
Chicago, Illinois 60601

**Re:  Authorization for Immediate Private Suit - Castle Point Mortgage Inc.**

Dear Mr. Dinsdale:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

March 15, 2006

Paul Reinsmith
c/o Ryan F. Stephan
Touhy & Touhy LTD
161 North Clark Street, Suite # 2210
Chicago, Illinois 60601

### Re:  Authorization for Immediate Private Suit - Castle Point Mortgage Inc.

Dear Mr. Reinsmith:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court.  Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.  If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151.  This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | )  **Case No. 05-11168 GAO** |
| v. | ) |
| | ) |
| CASTLE POINT MORTGAGE, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>PROPOSED ORDER</u>**

On Plaintiffs' Motion To Amend Complaint, this Court having considered the submissions of the parties and the arguments of counsel:

**IT IS** on this_____day of _____, 2006

**ORDERED** that plaintiff's motion to amend their Complaint to include claims is hereby GRANTED in the interest of justice.  Plaintiffs' request for leave to file a class action claim under Fed. R. Civ. P. 23 is GRANTED.  Plaintiffs shall have 30 days from the date of this Order to file their First Amended Complaint.

SO ORDERED,

_____

O'TOOLE, J.