IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs, ) ) ) | Case No. 05-11168 GAO |
| v. ) ) | |
| CASTLE POINT MORTGAGE, INC., ) ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION TO LEAVE TO FILE A REPLY MEMORANDUM

Plaintiffs request leave of the Court to file a reply memorandum to Defendant's Opposition to Plaintiff's Motion To Amend Complaint. In support of this motion, Plaintiffs state that Castle Point raised new issues in its Opposition, relating to the purported predomination of Plaintiffs' state-law claims and the alleged impropriety of maintaining an Fair Labor Standards Act opt-in action with a state-law opt-out action. To properly respond, Plaintiffs seek leave to file this reply memorandum.

Dated: May 30, 2006

Respectfully Submitted

/s/ Erik H. Langeland
Erik H. Langeland (BBO 567388)
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH and KEVIN DINSDALE, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 05-11168 GAO ) ) |
| CASTLE POINT MORTGAGE, INC., | ) ) |
| Defendant. | ) |

## PLAINTIFFS' REPLY

### Background

On April 12, 2006, Plaintiffs moved to amend their complaint for the first time in this action—within the time limits set by the Court—to raise valid state-law overtime claims based on the same operative facts as their federal claim. Defendant oppose Plaintiffs' motion on the following grounds: 1) this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because the state-law claim would predominate over the federal claim; 2) Plaintiffs' amendment to include state law claims would interfere with federal law; and 3) including a state law claim would confuse potential class members.

Defendant's arguments are without merit. This Court should grant Plaintiffs' motion because: 1) Fed. R. Civ. P. 15(a) authorizes Plaintiffs to amend; 2) Massachusetts General Laws chapter 149, §150, §§1B and 20, clearly grants Plaintiffs a statutory right to overtime compensation; 3) as observed by other courts, this Court's exercise of supplemental jurisdiction over Plaintiffs' claims would promote judicial economy and efficiency; 4) numerous other cases not cited by Defendant have directly rejected

1

Defendant's circumvention arguments and allowed Plaintiffs to simultaneously bring claims under both the FLSA and state law.

## Argument

## Plaintiffs Should Be Allowed to Pursue Their Meritorious Claim Under Massachusetts State-Law

Leave to amend a complaint "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), quoting Fed.R.Civ.P.15(a). Defendant fails to even acknowledge this standard and instead strains to contrive of reasons to deprive Plaintiffs of their right to assert claims under Massachusetts law. Here, it is uncontested that Massachusetts employees are entitled to assert rights afforded them under Massachusetts laws, including rights to unpaid overtime. These laws provide Plaintiffs with protections and remedies which are not otherwise available under the Fair Labor Standards Act. There is no doubt that the underlying facts or circumstances relied upon by Plaintiffs are a proper subject of relief, as they and other loan officers were not paid overtime despite working significant number of hours in excess of forty per week.[1] Defendant's policy of requiring work n excess of 40 hours a week continues today, albeit surreptitiously, despite Defendant's claim that it adopted a strict 40 hour work week. According to the Supreme Court, therefore, Plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits." Foman 371 U.S. at 182.

---

[1] Defendant claims that it "has begun an extremely labor intensive process of reviewing individual loan officers' loan filed… to re-create the hours actually worked." It has begun this process because it violated its duty to keep accurate records of the hours its employees worked. 29 C.F.R. §516.2(a)(7). Where, like here, the employer's time records are inadequate or nonexistent, an employee need only produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946). Defendant's claim that its employees barely worked any overtime is farcical and is directly contradicted by the Defendant's own mandatory work week,

## Massachusetts Overtime Regulations Clearly Grant
## Plaintiffs a Statutory Right to Overtime

Massachusetts law provides for individuals to bring claims for unpaid overtime as an opt-out class action on behalf of other similarly situated employees. Specifically, an individual claiming that his or her overtime rights have been violated

> may, at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits.

*See*, M.G.L.A. chapter 149, §150. Thus, Plaintiffs move to amend their complaint to assert a Massachusetts cause of action (failure to pay overtime) in the manner provide by the Massachusetts Statute (a class action). Because Plaintiffs should be entitled to assert rights that all other Massachusetts employees can assert, it is in the interest of justice to allow Plaintiffs to amend their complaint.

## This Court Has Supplemental Jurisdiction
## Over Plaintiffs' State Law Claims

This Court can and should exercise supplemental jurisdiction in this case because the state-law claim and the FLSA claim form the same case or controversy. This Court's supplemental jurisdiction power was liberalized with the passage of the Judicial Improvement Act of 1990:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such

---

which greatly exceeded 40 hours per week.

>supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a).

Ignoring a wealth of precedent to the contrary, Defendant contends that Congress intended to prohibit FLSA claims from being brought simultaneously with state-law opt-out actions for overtime. *Defendant's Opposition at Page 4.* (citing De Ascencio v. Tyson Foods, Inc., 342 F.3d 302 (3d Cir. 2003)). But Defendant fails to cite a number of cases that where Federal Courts have exercised supplemental jurisdiction in precisely these instances. For example, McLaughlin v. Liberty Mutual Ins. Co., this Court found that FLSA and state-law remedies are entirely separate rights that may be pursued by the plaintiffs. McLaughlin v. Liberty Mutual Ins. Co., 224 F.R.D. 304, 308 (D. Mass. 2004). The McLaughlin Court further held that an employee's failure to join an FLSA action should not deprived them of their right to pursue a state law remedy through a single class action and that nothing in the FLSA limited available remedies under state law. Id. In asserting jurisdiction over 51 employees for the state law claim, despite an FLSA opt-in class of 13, the court held that it should not "infer from an employee's election not to pursue a federal remedy a forfeiture of that employee's right to pursue a state remedy." The court reasoned that "requiring employees who have not opted in to the FLSA claim to pursue duplicative litigation in state court would be a waste of judicial resources and would increase litigation costs for the parties, perhaps prohibitively so for the remaining putative class members." Id.

Similarly, in Bahramipour v. Citigroup Global Markets, the Northern District of California addressed the same "circumvention" arguments made here, holding that the FLSA was not a bar to Rule 23 opt-out class certification and plaintiffs could

4

simultaneously proceed with both FLSA claims and opt-out class action claims under state law. Bahramipour v. Citigroup Global Markets, 2006 U.S. Dist. LEXIS 9010 (N.Dist.Cal., February 22, 2006).

In a well-reasoned decision, the Southern District of New York exercised its supplemental jurisdiction over a class action based upon New York labor law in the same proceeding as an FLSA collective action. Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 90 (S.D.N.Y. 2001). Citing the substantial judicial interest in avoiding additional and unnecessary lawsuits, the Court observed:

> Plaintiffs properly chose a federal forum to vindicate their federal rights to be paid a minimum wage and overtime premium pay. Their suit will not be undermined or compromised by including their related claims under [New York labor law]. Nor will Defendants' claims, defenses or proofs significantly vary.

Id. at 90.

More recently, a court in the Western District of New York exercised supplemental jurisdiction over plaintiffs' New York class action overtime claims in a case in which Plaintiffs also sought damages under the FLSA. Scholtisek v. The Eldre Corp., 229 F.R.D. 381, 393-95 (W.D.N.Y. 2005). Echoing the same concerns relied upon by the Court in Ansoumana, the Court concluded that exercising jurisdiction over the state law claims would promote judicial economy, avoid the risk of duplicative litigation and ensure a uniformity of outcome. Id. at 393-94.

Numerous other courts have likewise held that that a state wage and hour opt-out class action may be pursued in the same action as an opt-in collective action under the FLSA. Bryzchnalski v. Unesco, Inc., 35 F.Supp.2d 351 (S.D.N.Y. 1999); Beltran-Benitez v. Sea Safari, Ltd., 180 F.Supp.2d 772, 773-74 (E.D.N.C. 2001) (rejecting defendant's

claim that a conflict between the FLSA opt-in procedure and Rule 23's opt-out provisions constituted an "exceptional circumstance" that would bar supplemental jurisdiction over state class action claims); Scott v. Aetna Services, Inc., 210 F.R.D. 261 (D. Conn. 2002); O'Brien v. Enotech Construction Services, Inc., 203 F.R.D. 346, 352 (N.D. Ill. 2001); Ladegaard v. Hard Rock Concrete Cutters, Inc., 2000 WL 1774091, *7 (N.D.Ill. 2000); Kelly v. SBC, Inc., 1998 WL 928302, *13 (N.D.Cal. 1998).

Here, especially where the Massachusetts overtime claims are closely related to the FLSA, there is no question that both claims arise out of the same operative facts, involve common issues and require the same elements of proof. Were this Court to accept Defendant's contentions, it would almost certainly lead to needless duplicative litigation, an exponential multiplication of costs and/or inconsistent outcomes – exactly what supplemental jurisdiction is designed to prevent.[2] Defendant has already brought no less than four cases throughout the Commonwealth against individuals that opted into this case to assist in their intimidation and retaliation campaign. Accordingly, this Court should exercise supplemental jurisdiction over Plaintiffs' state law claims so that no further judicial resources are expended on this case.

### Rule 23 Opt-Out Provisions for State Claims Neither Interfere with nor are Preempted by the Opt-in Mechanisms of the FLSA

Defendant suggests that by instituting an opt-in procedure in the FLSA, Congress intended to bar all other means by which employees may collectively assert their right to seek redress against an employer, including the opt-out method provided by the Massachusetts wage and hour laws. Put another way, Defendant claims that Congress intended to preempt the field of overtime compensation regulation – an area traditionally

---

[2] The Supreme Court encourages District courts to take jurisdiction over related state claims. E.g., United

6

subject to the states' police powers – by dictating the one and only method by which large numbers of aggrieved workers may agree to participate in an action against their employer.

Attacks on state wage and hour actions on preemption grounds are nothing new. Twenty years ago, the Second Circuit issued the seminal decision of <u>Pettis Moving Co., Inc. v. Roberts</u>, 784 F.2d 439 (2d.Cir. 1986). There, an employer claimed that New York's overtime statute which, in providing greater protections to employees than the FLSA, was subject to federal preemption. <u>Id</u>. at 440-41. In rejecting this argument, the Court pointed out that absent a "clear and manifest" Congressional intent, traditional police powers of the states, including regulation of overtime regulation, coexist with federal regulation. <u>Id</u>. at 441. As stated by the Second Circuit, "New York [overtime law] does not interfere with such regulation; it merely requires that an employer pay time and one-half for all hours over forty that its employees work." <u>Id</u>. Thus, the Court found no basis for FLSA preemption. <u>Id</u>.

Following <u>Pettis</u>, the Second Circuit five years later again explicitly rejected the claim that state overtime laws were preempted by the FLSA in <u>Overnite Transportation Co. v. Tianti,</u> 926 F.2d 220 (2d Cir. 1991). Once again, an employer challenged on preemption grounds a state overtime regulation which provided greater protections to workers. Maintaining consistency, the Court rejected the Defendant' proposition and observed that, "every Circuit that has considered the issue has reached the same conclusion – <u>state overtime wage law is not preempted by … the FLSA.</u>" <u>Id</u>. at 222 (emphasis added) (citations omitted). See <u>Ansoumana v. Gristede's Operating Corp.</u>, 201 F.R.D. 81, 95 (S.D.N.Y. 2001) and <u>Scholtisek v. The Eldre Corp.</u>, 229 F.R.D. 381, 393-

---

<u>Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1996).

95 (W.D.N.Y. 2005) (allowing plaintiffs to simultaneously pursue class actions under both New York wage and hour laws and the FLSA).

Defendant' heavy reliance on De Asencio v. Tyson Foods, Inc. is misplaced as it applies to neither the facts nor the procedural posture of this case. 342 F.3d 302 (3d Cir. 2003). In De Asencio, plaintiffs sought certification of their state action *after* the opt-in period had expired in the FLSA case. Id. at 305. In that case, the number of people in the state class would be more than four thousand—versus hundreds in the FLSA class. Id. at 310. And the state-law claim raised novel areas of state law, which were "better left" to the state courts. Id. at 312.

Unlike De Asencio case, plaintiffs moved to amend their complaint during the opt-in period, shortly after they had gotten the requisite authority to do so from the Massachusetts Attorney General. Until that time, plaintiffs were not entitled to bring a state-law action. Moreover, plaintiffs raised the state-law claims partly in response to evidence that Defendant had harassed, intimidated, and retaliated against class members or those eligible to join to prevent them from joining. That evidence came to light only toward the later part of the opt-in period.

Also unlike in De Asencio, the state-law claim here involves a total of 75 people, no novel issues of law are raised in this state-law claim, and the proof required in the FLSA and state-law claim would be nearly the same, as they are based on virtually the same facts and similar laws. In its current posture, therefore, this case far more closely resembles McLaughlin vs. Liberty Mutual Ins. Co., 224 F.R.D. 304 (D. Mass 2004) than De Asencio. In McLaughlin, the Court specifically rejected the application of De Asencio to its case because the state law class in De Asencio—which was estimated to be

8

about 4,100 people—was "orders of magnitude larger than the 51-member" state law class in McLaughlin. Further, the facts relating to the De Ascensio state and federal claims were different, unlike those in McLaughlin. McLaughlin at 313. Finally, the McLaughlin Court also stated that "The First Circuit has also recently stated that familiarity with a nationwide class action is reason to exercise discretion to retain jurisdiction over a state claim." Id. (citing Grispino v. New England Mutual Life Ins. Co., 358 F.3d 16, 19 (1st Cir. 2004). Thus, it concluded that the state-law case would not predominate the FLSA claim and it should exercise supplemental jurisdiction. Id.

Here, thirty-one individuals have asserted FLSA claims. At most, approximately 50 more would be involved in the state-law action. This is hardly a case where the state law claim would predominate over the FLSA claims. Defendant's claims that the jury will be confused by nuances in the law is speculative at best. Any confusion that may result can be cured through appropriate instructions from the Court. Finally, Defendant has gone to extraordinary lengths to prevent its employees from joining this case so as to avoid its liability under the FLSA. Not one of Defendant's current loan officers has joined this case. Defendant should not be rewarded for its intimidation and retaliation campaign by allowing it to avoid its responsibility under Massachusetts state overtime laws. Plaintiffs motion to amend should, therefore, be allowed.

## CONCLUSION

Plaintiffs seek to provide the aggrieved loan officers working in Massachusetts with an opportunity to litigate their state-law claim before the running statute of limitations extinguishes it. The Supreme Court stated in Foman v. Davis that the lower courts had erred in denying leave to amend, precisely because "the amendment would

have done no more than state an alternative theory for recovery." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Plaintiffs' valid purpose stands in stark contrast to Defendant' opposition to this Motion—namely to deprive aggrieved loan officers of an opportunity to have their disputes litigated.

Plaintiffs' Massachusetts state-law overtime claims are based on the same operative facts as their FLSA claims. The members of the proposed class are: 1) current and former loan officers, 2) who worked for the Defendant in Massachusetts; and, 3) were not paid overtime. Although this group is more geographically limited than the nationwide class sought in the FLSA cause of action, the harm suffered by the Plaintiffs arises from virtually the same facts. No novel or complex issues of law are raised. Thus, Plaintiffs state-law claim arises from the same case or controversy as the FLSA claim and Plaintiffs should be allowed to amend their complaint.

Denying Plaintiffs' Motion to Amend will inevitably lead to the filing of a state-law class action suit in Massachusetts state courts. Aside from the strain on judicial resources, this situation would also inhibit a global resolution of this matter and could invite inconsistent rulings. Given the similarities in the causes of action and sound judicial economy rationale, the Plaintiffs' Motion to Amend Their Complaint should be allowed.

Dated: May 30, 2006                                                  Respectfully Submitted

/s/ Erik H. Langeland
Erik H. Langeland (BBO 567388)
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
ATTORNEY FOR PLAINTIFFS