IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Paul Reinsmith and Kevin Dinsdale, Individually and on behalf of all putative class members,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | No. 051168 GAO |
| vs. | ) ) | |
| **CASTLEPOINT MORTGAGE, INC.** | ) ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR APPOINTMENT AS CLASS COUNSEL**

NOW COMES the Plaintiffs, PAUL REINSMITH and KEVIN DINSDALE, individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiffs), by and through his attorneys, TOUHY & TOUHY, LTD., and ERIK H. LANGELAND, P.C. and requests that this Honorable Court enter an order appointing TOUHY & TOUHY, LTD. and ERIK H. LANGELAND, P.C., as class counsel pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

1. On June 6, 2005 Plaintiffs filed their complaint seeking unpaid overtime compensation, liquidated damages, unlawfully withheld wage, statutory penalties and damages owed to the named Plaintiffs and all other loan officers employed by the Defendant.

2. Shortly thereafter, on August 25, 2005, Plaintiffs filed their F.R.C.P. Rule 216(b) motion to certify the case as a collective action and to issue notice. In response, the parties agreed to issue notice. On February 18, 2006 Plaintiffs issued the agreed upon notice to Defendant's current and former loan officers. 29 loan officers submitted opt-in consent forms by the deadline

date of April 18, 2006 and joined this case.

3. On March 11, 2006 Plaintiffs filed their first amended complaint and included claims for unpaid overtime under Massachusetts state law.[1] Shortly thereafter, parties agreed to attempt a good faith resolution of the case. The parties met in person on two separate occasions to discuss settlement. In May, 2006 Defense counsel traveled to Chicago for a day long settlement conference. Although an agreement was not achieved, the parties agreed to mediate the case. On June 6, 2006, parties appeared before JAMS mediator Peter Contuzzi in Boston, Massachusetts. The parties made significant progress, but were unable to finalize a settlement. Shortly thereafter, the parties agreed to settle the case on behalf of the named plaintiffs, the opt-in plaintiffs and the prospective Massachusetts, Maryland and New Jersey state plaintiff classes.

## ADEQUACY OF REPRESENTATION

4. Rule 23(a) (4) requires that the named Plaintiff be an adequate representative of the class. A class representative is generally found to be adequate if his or her interests are not antagonistic to those of the class and the named plaintiffs are represented by qualified and experienced counsel. See Andrews v. Bechtel Power Corp., 780 F.2d 124,130 (1st Cir. 1985).

5. In this case, both adequacy requirements have been fully satisfied. Plaintiffs are members the class they seek to represent. Plaintiffs have fairly and adequately represented the interests of the Class, have no interests which are contrary to or conflict with those of the Class they seek to represent, and have retained attorneys experienced in the prosecution of complex class action litigation. Specifically, TOUHY & TOUHY, LTD. has successfully represented thousands of individuals in both class and collective action cases in both state and federal forums and have

---

[1] Plaintiffs also filed similar actions against Castlepoint Mortgage in the cases *Bather et al v. Castlepoint Mortgage*, Baltimore City Circuit Court No. 24-C-06-3046 and *Bianchi et al v. CastlePoint Mortgage,* New Jersey Superior Court No. MRS-L-1193-06. Plaintiffs filed a second amended complaint in this case and included claims

recovered millions of dollars in damages on behalf of class members it has represented. Further, TOUHY & TOUHY, LTD, is lead Plaintiffs' counsel in the following cases: *Ciesla et al v. Lucent Technologies*, Case No. 05-C-1642 District Court for the Northern District of Illinois, Eastern Division, District Court of New Jersey; *Goldstein et al v. Prudential et al*, No. 05 CV 7674 (KMK), Southern District of New York; *Genenbacher et al v. CenturyTel et al*, No. 3:06 CV 3064, Central District of Illinois; *Huebner et al v. Graham C. Stores*, Case No. 06 CH 09695, Circuit Court of Cook County, Illinois, Chancery Division and, *Kutcher et al v. B&A Associates et al*, No. 03 CH 07610, Circuit Court of Cook County, Illinois, Chancery Division, just to name a few. Lastly, counsel has demonstrated familiarity with the applicable facts and law and has devoted the resources necessary for the successful settlement of this case.

## CONCLUSION

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, TOUHY & TOUHY, LTD., and ERIK H. LANGELAND, P.C., respectfully request that this Honorable Court Appoint Plaintiff's attorneys as lead counsel for theclass.

Respectfully submitted,

Dated: September 11, 2006

/s/Erik H. Langeland
Erik H. Langeland
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774

---

for unpaid overtime under Maryland and New Jersey state law.