UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11168-GAO

PAUL REINSMITH and KEVIN DINSDALE,
Individually, and on Behalf of all Others Similarly Situated,
Plaintiffs,

v.

CASTLE POINT MORTGAGE, INC.,
Defendants.

ORDER
September 18, 2006

O'TOOLE, D.J.

The following orders are made:

**Motion to Amend Complaint**

Paul Reinsmith and Kevin Dinsdale originally brought this collective action against Castle Point Mortgage, Inc. for failure to provide overtime pay to its loan officer employees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (2000). The original complaint was filed on June 6, 2005.

On April 12, 2006, the plaintiffs first moved to amend the original complaint to include state law claims under the Massachusetts Wage and Hour Law, Mass. Gen. Laws ch. 151, §§ 1A-1B (2004). The defendants opposed this initial motion, alleging that the state law claims would substantially predominate and interfere with the adjudication of the federal FLSA claim. Before any action was taken on that motion, the plaintiffs moved for a second time to amend their

complaint, this time to include state law claims under the Massachusetts Wage and Hour Law, Mass. Gen. Laws ch. 151, §§ 1A-1B (2004); the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56(a)(1) to -(56)(a)(30) (2000); and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-415, -420 (West 2002).

Because this second motion to amend the complaint is unopposed and integral to the parties' Joint Stipulation for Settlement, I conclude that leave to amend ought to be granted.

The plaintiffs' motion to amend their complaint (dkt. no. 70) is GRANTED.

### Joint Stipulation for Settlement

On September 8, 2006, the parties submitted a Joint Stipulation for Settlement. Having reviewed the terms and conditions set forth therein, I provisionally approve the Stipulation and proposed settlement.

In accordance with the Stipulation's terms, notice of the settlement and eligibility to receive payments from the claim fund must be mailed by class counsel to all class members by September 28, 2006.[1] Thereafter, all class members seeking payment from the claim fund must submit a Settlement Agreement and General Release form, along with a W-4 tax form, postmarked on or before November 7, 2006.[2] Any class members seeking to opt-out of the settlement class must submit written notice postmarked on or before November 7, 2006.

---

[1] The settlement notice to all class members is found in Exhibit C to the Joint Stipulation for Settlement.

[2] The Settlement Agreement and General Release and W-4 tax forms are found in Exhibits D and E to the Joint Stipulation for Settlement.

## Motion to Appoint Class Counsel

On September 11, 2006, plaintiffs filed a motion to appoint Touhy & Touhy, Ltd. and Erik H. Langeland, P.C. as class counsel pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

There being no objections, nor alternative suggestions, from the defendants and in light of counsel's familiarity with the case as a result of their representation of named plaintiffs, I am satisfied that proposed class counsel will provide adequate representation for the class.

The plaintiffs' motion to appoint counsel as class counsel (dkt. no. 72) is GRANTED.

It is SO ORDERED.

September 18, 2006                                  \s\ George A. O'Toole, Jr.
DATE                                                DISTRICT JUDGE

Attachments (3)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL REINSMITH, KEVIN DINSDALE, OMAR BATHER, MICHAEL WILES, and ROBERT BIANCHI, Individually, and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASTLE POINT MORTGAGE, INC.,<br><br>Defendant. | C.A. No. 05 11168 GAO |

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT,
CERTIFICATION OF FLSA COLLECTIVE ACTION, CERTIFICATION OF
STATE LAW OVERTIME CLASSES, AND SETTLEMENT HEARING

TO: PERSONS WHO HAVE WORKED OR CONTINUE TO WORK FOR CASTLE POINT MORTGAGE, INC. ("CASTLE POINT") AS LOAN OFFICERS FROM JUNE 30, 2002 UNTIL OCTOBER 23, 2005

PLEASE READ THIS NOTICE CAREFULLY

Based on information in Castle Point's records, you may be a Class Member who is entitled to receive money under the proposed settlement. In order to participate in the settlement, you should read this Notice carefully and you must submit the forms enclosed with this Notice.

Plaintiffs and Castle Point encourage all Class Members to participate in this Settlement. Castle Point will not retaliate in any way against current or former Castle Point employees who claim their share of this $675,000 settlement.

Important Deadlines:

Last Day To Submit a Claim Form: _____November 7_____, 2006 (postmarked, or received if sent other than by mail)

Last Day to "Opt Out" Of The Settlement Class: _____November 7_____, 2006 (postmarked, or received if sent other than by mail)

## INTRODUCTION

A proposed settlement of the class action claims for overtime compensation raised in the above action has been reached by the parties in this case and granted approval by the United States District Court for the District of Massachusetts. This Notice informs you about the terms of that settlement and about your rights and options under the settlement.

The settlement will resolve all the claims for overtime compensation that were made in this lawsuit.

To participate in the settlement, you must submit a Claim form by November 7, 2006. If you fail to turn in a Claim Form, you will receive nothing from this lawsuit.

If you do not choose to Opt Out of the Settlement Class, you will be bound by the terms of this Settlement, regardless of whether you make a claim or receive money.

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge George A. O'Toole, United States District Judge of the United States District Court for the District of Massachusetts, has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the proposed settlement and of your rights, including,

- To inform you of your right to submit a claim for money under the settlement;

- To inform you about the certification of classes by the Court and inform you that if you do not "opt out" of the classes you will be bound by the terms of the Settlement Agreement and release your right to sue Castle Point for overtime wages during the time you were a Class Member; and

- To inform you of your right to "opt out" of the classes, and not be bound by the Court's judgment in this matter and the terms of the Settlement Agreement.

## WHAT IS THIS CASE ABOUT?

Five former Loan Officers of Castle Point brought this lawsuit, claiming that Castle Point violated federal and state laws by not paying overtime to Castle Point Loan Officers. The lawsuit alleges that Castle Point unlawfully classified these workers as exempt from

receiving overtime pay and that Castle Point did not pay, or keep track of, overtime hours for Loan Officers. The lawsuit claims that Castle Point's actions violated a federal law called the Fair Labor Standards Act ("FLSA"), and the laws of Maryland, Massachusetts and New Jersey.

Castle Point denies all of plaintiffs' claims and have raised various factual legal defenses to those claims, and have agreed to the Settlement without any admission of wrongdoing.

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the sum of $675,000 (including attorneys' fees and expenses), plus the employer's share of applicable payroll taxes.

Five representative plaintiffs – Paul Reinsmith, Kevin Dinsdale, Omar Bather, Michael Wiles, and Robert Bianchi – will receive a total of $10,000. These payments are made because the Class Representatives provided service to the class by helping class counsel to formulate claims.

Class Counsel, Daniel K. Touhy and Erik Langeland, will apply to the court for attorneys' fees and expenses in the amount of 33% of the total class recovery, which amounts to $225,000. This amount will be requested given the hours Class Counsel spent in pursuing this case on behalf of the Class Members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members.

If the Court approves these payments, after these deductions, the remaining $440,000 in settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated If I Participate" section, below. If the money is not claimed by Loan Officers from the $440,000 settlement fund, it will revert to Castle Point.

## DISMISSAL OF CASE AND RELEASE OF CLAIMS

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge Castle Point from all claims by executing a Settlement Agreement and General Release in the terms attached as Exhibit A.

When the overtime claims are dismissed with prejudice, that means that the Court will not consider the claims any further; the case is over. When claims are released, that means that no one covered by the release can sue Castle Point over those claims.

## ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?

You are a Class Member if you were employed by Castle Point as a Loan Officer at any time from June 30, 2002 through October 23, 2005.

## WHAT ARE YOUR OPTIONS?

You have three choices of what to do from here: (1) file a claim form; (2) opt out of the settlement class; or (3) do nothing. In order to protect your rights, it is very important that you read this section carefully and that you submit the proper forms before the deadlines listed in this section or you may not receive any money under the Settlement.

**File a Claim Form by** \_\_\_\_November 7\_\_, **2006:**

Regardless of the state you worked for Castle Point in, if you want to receive any money from the Settlement Fund, you **must** sign and mail (or deliver by hand) the attached Claim Form by \_\_\_November 7\_\_, 2006. If you do not file a Claim form by November 7, 2006, you will receive nothing from the Settlement Fund. Whether you choose to file a Claim Form or not you are bound by the terms of this Settlement, as noted in the Dismissal of Case and Release of Claims section above, unless you opt out of the Settlement Class.

If you choose to file a Claim Form, be sure to make a copy of the signed form for your records.

**Choosing Not to Join the Settlement Class:**

If you do not want to be a member of the Settlement Class or participate in the settlement and you want the right to pursue your own lawsuit, you must opt out of the Settlement by \_\_\_November 7\_\_, 2006. If you do not Opt Out, you will be bound by the terms of this Settlement, regardless of whether you make a claim or receive money. To Opt Out you must send a letter, postmarked no later than \_\_\_November 7\_\_, 2006, with your Name, Social Security Number, and the period for which you worked for Castle Point in a Class Position to:

> Daniel K. Touhy, Esquire
> Class Counsel
> Touhy & Touhy, Ltd.
> 161 N. Clark St., Ste. 2210
> Chicago, IL 60601

and

> Christa von der Luft
> Counsel for Castle Point Mortgage, Inc.
> Nutter McClennen & Fish LLP
> World Trade Center West
> 155 Seaport Boulevard
> Boston, MA 02210

- 4 -

**Do Nothing**

If you do nothing, you will not receive any money under the settlement. You will, however, be bound by the terms of the settlement and will not be able to bring your own action to recover damages for unpaid overtime for the period covered by this lawsuit.

### HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member who submits a Claim Form will receive a share of the approximately $440,000 in Settlement Funds which will remain after the deductions, named plaintiff payments and attorneys' fees and costs listed above. Each share will depend on your annualized earnings as a Loan Officer, the length of time you were employed as a Loan Officer, whether you opted in to the federal lawsuit on or before April 18, 2006 ("Opt In Plaintiff"), and whether you were a named plaintiff in one of the lawsuits ("Named Plaintiff").

For purposes of calculating overtime wages, one of three different hourly rates will be used for each Class Member who did not opt in to the federal lawsuit and who was not a named plaintiff depending on the Class Member's annualized earnings as a Loan Officer. Loan Officers received a monthly draw against commissions of $2,000 and then received commissions based on the amount of mortgage loans closed. Annual Loan Officer compensation ranged from $24,000 to over $100,000.

The Loan Officers with the top third highest annualized earnings will have overtime wages calculated based on their average hourly rate; the Loan Officers with the middle third of annualized earnings will have overtime wages calculated based on their average hourly rate; and the Loan Officers with the lowest third of annualized earnings will have overtime earnings calculated based on their average hourly rate.

These average hourly rates for the high, middle and low groups are $35.66, $17.62 and $11.52 respectively.

Using the appropriate hourly rate, each Class Member will have a total overtime wage calculated based on working 2.32 hours of overtime per week throughout his period of employment as a Loan Officer using a fluctuating work week method of calculation, i.e. half-time for 2.32 hours per week. Specifically, Loan Officers in the high group will receive a payment of $41.36 per week of employment; Loan Officers in the middle group will receive a payment of $20.44 per week of employment; and Loan officers in the low group will receive a payment of $13.36 per week of employment.

Each Class Member will be eligible to receive liquidated damages in an amount equal to his total overtime wage.

Opt In Plaintiffs and Named Plaintiffs will have their hourly rates determined based on their individual annualized earnings and will have overtime wages calculated based on working 5.36 hours of overtime per week throughout their period of employment as Loan Officers using a fluctuating work week method of calculation. Opt In Plaintiffs and Named Plaintiffs will also be eligible to receive liquidated damages in an amount equal to their total overtime wages.

For settlement amounts allocated to wages, normal payroll taxes and withholdings will be deducted pursuant to state and federal law. For the amount allocated to liquidated damages, the amount will be reported as income on IRS Form 1099.

## ATTORNEYS' FEES AND COSTS

As their fee for services rendered on behalf of the Class Members, Class Counsel will ask the Court to award as attorneys' fees and costs a total of 33 percent from the Settlement Fund (*i.e.*, $225,000.00) The amount of any award of attorneys' fees and costs will be considered and must be approved by the Court. Class Members will not be required to pay Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the attorneys' fees and costs requests are approved by the Court.

## EXAMINATION OF PLEADINGS AND PAPERS/ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you may refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court Business day at the Office of the Clerk of Court, United States District Court for the District of Massachusetts, John Joseph Moakley U. S. Courthouse, 1 Courthouse Way, Boston, MA 02210.

/s/ George A. O'Toole, Jr.
Honorable George A. O'Toole
United States District Court

Dated:   September 18, 2006

1537940.1

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Claimant _____ ("Claimant") and Castle Point Mortgage, Inc. ("Castle Point"). Except to the extent governed by federal law, this Agreement shall be governed by the statutes and common law of Massachusetts excluding any that mandate the use of another jurisdiction's laws.

1. **NO ADMISSION OF LIABILITY**

This Agreement shall not in any way be construed as an admission by Castle Point or Claimant of any liability whatsoever, or as an admission by Castle Point or Claimant of any wrongful acts whatsoever.

2. **RELEASE**

Castle Point releases, acquits and forever discharges Claimant from any and all grievances, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever through the date of the execution of this Agreement, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, including, but by no means limited to, rights arising out of Claimant's employment relationship with Castle Point, the termination of such employment relationship, the alleged commission of any tort or violations of any contracts, express or implied; any covenant of good faith and fair dealing, express or implied from the beginning of time to the date of execution hereof.

3. **NO FUTURE FILINGS**

Castle Point represents and agrees that it will cooperate and take all steps necessary and appropriate to dismiss all suits or actions against Claimant that are currently pending, with prejudice. Castle Point represents and agrees that it will not file with any such agency or court any other grievance, lawsuit, claim, charge or complaint at any time hereafter based upon events occurring prior to the date of execution of this Agreement; that if any agency or court ever assumes jurisdiction of any such lawsuit, claim, charge or complaint, and/or purports to bring any legal proceeding, in whole or in part, on Castle Point's behalf, based upon events occurring prior to the execution of this Agreement, Castle Point will request the agency or court to withdraw from and/or dismiss the lawsuit, claim, charge or complaint with prejudice and will take all available legal action to remove himself/herself from any such legal proceeding brought, in whole or in part, on its behalf.

4.   **CONSULTATION WITH COUNSEL**

Claimant and Castle Point represent that they have been given the opportunity to consult with their own attorneys and they have thoroughly discussed all aspects of this Agreement with their own attorneys to the extent desired.

5.   **NO REPRESENTATIONS**

Claimant and Castle Point acknowledge that, except as expressly set forth herein, no representations, promises, or inducements of any kind or character have been made to her/it or any of the Releasees, to induce her/it to execute this Agreement, or with regard to the subject matter, basis or effect of this Agreement or otherwise.

6.   **SUCCESSORS**

This Agreement shall be binding upon Claimant and Castle Point, and their heirs, representatives, executors, administrators, successors and assigns, and shall inure to the benefit of the Releasees and to their predecessors, heirs, representatives, executors, administrators, successors and assigns.

7.   **EXECUTION IN COUNTERPARTS**

The parties hereto agree that this Agreement may be executed in counterparts and the sum of each counterpart will constitute a single Agreement.

8.   **ENTIRE AGREEMENT**

This is the entire Agreement between Claimant and Castle Point, no promises or representations to Claimant or Castle Point have been made other than those in this Agreement, and the parties have not relied on any representations or statements by Claimants or Castle Point or any of the Releasees not contained herein. This Agreement can be modified or amended only in writing (not orally), and any such modification or amendment must be signed by both Claimant and a duly authorized officer of Castle Point and must be labeled as an amendment of this Agreement.

_____
Claimant

_____
Date

CASTLE POINT MORTGAGE, INC.
By:_____
Its:_____

# Form W-4 (2006)

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Because your tax situation may change, you may want to refigure your withholding each year.

**Exemption from withholding.** If you are exempt, complete only lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2006 expires February 16, 2007. See Pub. 505, Tax Withholding and Estimated Tax.

**Note.** You cannot claim exemption from withholding if (a) your income exceeds $850 and includes more than $300 of unearned income (for example, interest and dividends) and (b) another person can claim you as a dependent on their tax return.

**Basic instructions.** If you are not exempt, complete the **Personal Allowances Worksheet** below. The worksheets on page 2 adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income, or two-earner/two-job situations. Complete all worksheets that apply. However, you may claim fewer (or zero) allowances.

**Head of household.** Generally, you may claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals. See line E below.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the **Personal Allowances Worksheet** below. See Pub. 919, How Do I Adjust My Tax Withholding, for information on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using Form 1040-ES, Estimated Tax for Individuals. Otherwise, you may owe additional tax.

**Two earners/two jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accurate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others.

**Nonresident alien.** If you are a nonresident alien, see the Instructions for Form 8233 before completing this Form W-4.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 919 to see how the dollar amount you are having withheld compares to your projected total tax for 2006. See Pub. 919, especially if your earnings exceed $130,000 (Single) or $180,000 (Married).

**Recent name change?** If your name on line 1 differs from that shown on your social security card, call 1-800-772-1213 to initiate a name change and obtain a social security card showing your correct name.

## Personal Allowances Worksheet (Keep for your records.)

A  Enter "1" for **yourself** if no one else can claim you as a dependent . . . . . . . . . . . . . . . . . . . . . . . . . . . A ____

B  Enter "1" if: { • You are single and have only one job; or
  • You are married, have only one job, and your spouse does not work; or
  • Your wages from a second job or your spouse's wages (or the total of both) are $1,000 or less. } . . B ____

C  Enter "1" for your **spouse**. But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.) . . . . . . . . . . . . C ____

D  Enter number of **dependents** (other than your spouse or yourself) you will claim on your tax return . . . . . . D ____

E  Enter "1" if you will file as **head of household** on your tax return (see conditions under Head of household above) . E ____

F  Enter "1" if you have at least $1,500 of **child or dependent care expenses** for which you plan to claim a credit . . F ____
  (Note. Do not include child support payments. See Pub. 503, Child and Dependent Care Expenses, for details.)

G  **Child Tax Credit** (including additional child tax credit):
  • If your total income will be less than $55,000 ($82,000 if married), enter "2" for each eligible child.
  • If your total income will be between $55,000 and $84,000 ($82,000 and $119,000 if married), enter "1" for each eligible child plus "1" additional if you have four or more eligible children. . . . . . . . . . . . . . . . G ____

H  Add lines A through G and enter total here. (Note. This may be different from the number of exemptions you claim on your tax return.) ▶ H ____

For accuracy, complete all worksheets that apply.
  • If you plan to **itemize or claim adjustments to income** and want to reduce your withholding, see the **Deductions and Adjustments Worksheet** on page 2.
  • If you have **more than one job or are married and you and your spouse both work** and the combined earnings from all jobs exceed $35,000 ($25,000 if married) see the **Two-Earner/Two-Job Worksheet** on page 2 to avoid having too little tax withheld.
  • If neither of the above situations applies, **stop here** and enter the number from line H on line 5 of Form W-4 below.

------- Cut here and give Form W-4 to your employer. Keep the top part for your records. -------

## Form W-4 — Employee's Withholding Allowance Certificate

Department of the Treasury — Internal Revenue Service

OMB No. 1545-0074

**2006**

▶ Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS.

1  Type or print your first name and middle initial.    Last name    2  Your social security number

Home address (number and street or rural route)

3  ☐ Single  ☐ Married  ☐ Married, but withhold at higher Single rate.
Note. If married, but legally separated, or spouse is a nonresident alien, check the "Single" box.

City or town, state, and ZIP code

4  If your last name differs from that shown on your social security card, check here. You must call 1-800-772-1213 for a new card. ▶ ☐

5  Total number of allowances you are claiming (from line H above or from the applicable worksheet on page 2)    5

6  Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . . . . . . . . .    6 $

7  I claim exemption from withholding for 2006, and I certify that I meet **both** of the following conditions for exemption.
  • Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability **and**
  • This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability.
  If you meet both conditions, write "Exempt" here . . . . . . . . . . . . . . . . . ▶ 7

Under penalties of perjury, I declare that I have examined this certificate and to the best of my knowledge and belief, it is true, correct, and complete.

Employee's signature (Form is not valid unless you sign it.) ▶                                Date ▶

8  Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.)    9  Office code (optional)    10  Employer identification number (EIN)

For Privacy Act and Paperwork Reduction Act Notice, see page 2.    Cat. No. 10220Q    Form **W-4** (2006)