UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL REINSMITH and KEVIN DINSDALE,<br>Individually, and on Behalf of all Others<br>Similarly Situated, | )<br>)<br>) | C.A. No. 05 11168 GAO |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CASTLE POINT MORTGAGE, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## JOINT STIPULATION FOR SETTLEMENT

This Joint Stipulation for Settlement is entered into between plaintiffs Paul

Reinsmith and Kevin Dinsdale, individually, and on behalf of all others similarly

situated, and defendant Castle Point Mortgage, Inc. ("Castle Point") by the signatures

of their counsel of record to this Stipulation. Defendant and plaintiffs are collectively

referred to as "Settlement Parties."

## RECITALS

1.      Each counsel who signs this stipulation has all authority required to bind

the Settlement Parties, and their successors, assigns, and heirs, to the terms of this

Stipulation and any Judgment resulting from it.

2.      Plaintiffs were employed by Castle Point Mortgage, Inc. as Loan Officers

in Castle Point's offices in Andover, Massachusetts. In addition to the named plaintiffs

in this action, 29 other former Castle Point Loan Officers have opted in to this action,

and alleged that Castle Point misclassified their positions as exempt under the Fair

Labor Standards Act, 29 U.S.C. § 207. They demanded back pay, liquidated damages, and attorneys' fees.

3.    Plaintiffs have moved to amend their complaint to add a Massachusetts state law class claim for unpaid overtime under Mass. Gen. Laws ch. 151, § 1A and for retaliation under the FLSA. Former Loan Officers of Castle Point, represented by plaintiffs' counsel in this action, have filed a complaint in New Jersey state court alleging violation of the New Jersey wage law, N.J. Code 34:11-56A4, and a complaint in Maryland state court alleging violation of the Maryland wage and hour law, Md. Lab. & Emp. Code 3-415.

4.    The Settlement Parties desire to resolve this litigation, and in doing so do not concede the truth or falsity of any allegation of fact made in the pleadings in this matter, nor do they concede the correctness or applicability of any legal theory of recovery or defense asserted in this action.

5.    Because the settlement includes claims raised under the Fair Labor Standards Act ("FLSA"), the Settlement Parties recognize that a Court must supervise and approve the settlements. "Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court." *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005). The Settlement Parties have agreed to an attorneys' fee award and costs in the amount of $225,000.00. However, the Settlement Parties understand the court may determine a different amount to be reasonable. The parties agree that an award of a lesser amount of attorneys' fees as determined by the

Court will not nullify the other terms of this Stipulation for Settlement that are deemed acceptable by the Court.

      6.     The proper method by which a court may approve an FLSA settlement is through a stipulated judgment. *Schulte, Inv. v. Gangi*, 328 U.S. 108, 114 (1946); *see also Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

      7.     Plaintiffs' counsel represents that they have diligently pursued an investigation of the factual and legal merits of the claims asserted against Castle Point in this action and the New Jersey and Maryland actions. Included as part of this investigation was a review of analyses of three different sources of electronic data (Citrix server usage record, email records, and loan file notes) in support of Castle Point's claim that Loan Officers worked, on average, less than two hours per week of overtime. Based on their own independent investigation and evaluation, plaintiffs' counsel is of the opinion that the settlement with Castle Point is fair, reasonable, and adequate and is in the best interests of the Class Members in light of all known facts and circumstances, including the risk of significant delay, litigation risks, and the defenses asserted by Castle Point.

## TERMS OF SETTLEMENT

8.     The complaint in this action is amended to include class action claims for non-payment of overtime wages under Massachusetts law, Mass. Gen. Laws ch.151, § 1A, Maryland law, Md. Lab. & Emp. Code 3-415, and New Jersey law, N.J. Code 34:11-56A4. A copy of the proposed Amended Complaint is attached as Exhibit A.

9.     Pursuant to Fed. R. Civ. P. 23(b)(3), classes are certified for the Massachusetts, Maryland and New Jersey state law claims.

10.     The class for the Massachusetts state law claim consists of all individuals employed by Castle Point in Massachusetts as Loan Officers from June 30, 2002, until October 23, 2005.[1] Class representatives for this class are Paul Reinsmith and Kevin Dinsdale.

11.     The class for the Maryland state law claim consists of all individuals employed by Castle Point in Maryland as Loan Officers from June 30, 2002, until October 23, 2005. Class representatives for this class are former named plaintiffs in the Maryland state court action Omar Bather and Michael Wiles

12.     The class for the New Jersey state law claim consists of all individuals employed by Castle Point in New Jersey as Loan Officers from June 30, 2002, until October 23, 2005. Class representative for this class is former named plaintiff in the New Jersey action Robert Bianchi.

---

[1] The class period ends on October 23, 2005 because at that time Castle Point changed its policy for Loan Officers and began formally limiting Loan Officers to a 40-hour work week and began requiring Loan Officers to submit weekly time sheets.

13.    Collectively, members of the Massachusetts, Maryland, and New Jersey classes who did not opt in to this lawsuit by April 18, 2006 ("Opt In Plaintiffs"), and who were not named plaintiffs in lawsuits filed against Castle Point ("Named Plaintiffs") are referred to as "Class Members."

14.    The Maryland state court claim, *Omar Bather and Michael Wiles, individually and on behalf of all others similarly situated, v. Castle Point Mortgage, Inc.*, Baltimore City Circuit Court, C.A. No. Case No.: 24-C-06-3046, and the New Jersey state court claim, *Robert Bianchi, individually and on behalf of all others similarly situated, v. Castle Point Mortgage, Inc.*, Morris County Superior Court, C.A. No. MRS-L-1193-06, will be dismissed without prejudice.

15.    Castle Point will contribute a maximum amount of $450,000 to a Claim Fund from which payments for alleged overtime wages and liquidated damages will be made to Class Members, Named Plaintiffs and Opt In Plaintiffs depending on their length of employment as Loan Officers with Castle Point, their compensation as Loan Officers, whether they opted in to this lawsuit on or before April 18, 2006, and whether they were named plaintiffs in the lawsuits against Castle Point, and providing the Class Members, Named Plaintiffs, and Opt In Plaintiffs execute the Agreement attached as Exhibit B and a W-4 form.

16.    For purposes of calculating overtime wages, one of three different hourly rates will be used for each Class Member depending on the Class Member's annualized earnings as a Loan Officer. Loan Officers received a monthly draw against

commissions of $2,000 and then received commissions based on the amount of mortgage loans closed. Annual Loan Officer compensation ranged from $24,000 to over $100,000.

17.    Class Members with the top third highest annualized earnings will have overtime wages calculated based on their average hourly rate; Class Members with the middle third of annualized earnings will have overtime wages calculated based on their average hourly rate; and Class Members with the lowest third of annualized earnings will have overtime earnings calculated based on their average hourly rate.

18.    These average hourly rates for the high, middle and low groups are $35.66, $17.62 and $11.52 respectively.

19.    Using the appropriate hourly rate, each Class Member will have a total overtime wage calculated based on working 2.32 hours of overtime per week throughout his period of employment as a Loan Officer using a fluctuating work week method of calculation.

20.    Each Class Member will be eligible to receive liquidated damages in an amount equal to his total overtime wage.

21.    Opt In Plaintiffs and Named Plaintiffs will have their hourly rates determined based on their individual annualized earnings and will have overtime wages calculated based on working 5.36 hours of overtime per week throughout their period of employment as Loan Officers using a fluctuating work week method of calculation.

Opt In Plaintiffs and Named Plaintiffs will also be eligible to receive liquidated damages in an amount equal to their total overtime wages.

22.    For settlement amounts allocated to wages, normal payroll taxes and withholdings will be deducted pursuant to state and federal law. For the amount allocated to liquidated damages, the amount will be reported as income on IRS Form 1099.

23.    The Class Representatives will receive a combined payment of $10,000 from the Claim Fund as a class representative fee.

24.    Following Court approval of this Stipulated Settlement, Plaintiffs' class counsel will send Notice of this settlement and eligibility to receive payments from the Claim Fund will to all Class Members within 10 days. The form of the proposed notice is attached as Exhibit C (which includes the Settlement Agreement and General Release and Form W-4). If after the initial mailing, the Notice is returned as undeliverable, class counsel will attempt to locate the Class Member by way of a national locator database or address service and, if another address is found, remail the Notice to that new address.

25.    To receive payment from the Claim Fund, each Class Member, Named Plaintiff and Opt-In Plaintiff will be required to execute a Settlement Agreement and General Release and Form W-4 (attached as Exhibit D) and return such executed agreement and form to Touhy & Touhy postmarked within 40 days of the mailing of Notice ("Claim Submission Deadline").

26.    To opt out of the settlement, Class Members, Named Plaintiffs and Opt In Plaintiffs will be required to provide written notice to plaintiffs' counsel postmarked within 40 day of the mailing of Notice. Plaintiffs' counsel will provide copies of any opt-out notice(s) to Defense counsel and this Court within 5 business days of the opt-out deadline.

27.    Any Class Member who wishes to object to the Proposed Class Settlement must file a written objection with the Clerk of the Court within 40 days of the mailing of Notice and serve the written objection on both Plaintiffs' class counsel and counsel for the Defendant no later than 40 days after the mailing of Notice.

28.    Touhy & Touhy will provide the executed agreements and Forms W-4 and copies of postmarked envelopes to Castle Point's counsel within 5 business days of the Claim Submission Deadline.

29.    For each Class Member, Named Plaintiff and Opt In Plaintiff who submits an executed Settlement Agreement and Form W-4 by the Claim Submission Deadline, Castle Point will provide payment as set forth in paragraphs 17-22 above within 30 days of the Claim Submission Deadline from the Claim Fund ("Claim Fund Payment Deadline") or within 30 days of final approval by the Court of this Settlement, whichever is later.

30.    Amounts remaining in the $450,000 Claim Fund following payment of all properly submitted claims and expiration of the Claim Fund Payment Deadline will remain the sole property of Castle Point.

31.    Upon receipt of executed Settlement Agreements and General Releases from Charles Smith, Kevin Dinsdale, Nichol Hannaford, Amanda Rafenello, Jason Lewis, and Paul Reinsmith, the respective Massachusetts state court actions against these individuals will be dismissed with prejudice.

32.    Castle Point will execute a release in the form attached as Exhibit D in favor of Named Plaintiffs and Opt In Plaintiffs.

33.    Pursuant to Fed. R. Civ. 23(g), Daniel K. Touhy of Touhy & Touhy, Ltd. and Erik Langeland are appointed Class Counsel.    Plaintiffs are separately filing a Motion for Appointment as Class Counsel.

34.    Class Counsel for Plaintiffs will receive a maximum of $225,000.00, paid by Castle Point, as attorneys' fees and costs for all work performed in connection with this action and on behalf of class members, including but not limited to all work performed in connection with administering the settlement, issued on an IRS Form 1099. Class counsel will submit a motion pursuant to Fed. R. Civ. P. 54(d) in support of its request for attorneys' fees and costs. Castle Point does not oppose Class Counsel's request for fees and costs under this paragraph. Castle Point will provide payment for attorneys' fees and costs within 15 days of Court approval of Class Counsel's motion.

35.    Within 10 days of the Claim Payment Deadline and Castle Point's payment of Class Counsel's attorneys' fees and costs pursuant to paragraph 30, this

action shall be dismissed with prejudice.. The Court will hold a hearing pursuant to

Fed. R. Civ. P. 23(e)(1)(C) before approval of this Stipulation.

IT IS SO STIPULATED.

PAUL REINSMITH and KEVIN DINSDALE, CASTLE POINT MORTGAGE, INC.
Individually, and on Behalf of all Others
Similarly Situated

By their attorney,

By its attorney,

s/ Erik H. Langeland
Erik H. Langeland (BBO #567388)
Erik H. Langeland, P.C.
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774

s/ Christa von der Luft
Christa von der Luft (BBO #600362)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

s/Daniel K. Touhy
Daniel K. Touhy
Ryan F. Stephan
Touhy & Touhy, Ltd.
161 N. Clark St., Ste. 2210
Chicago, IL 60601
(312) 372-2209

SO ORDERED.

O'Toole, United States District Judge

DATE: 12/20/06

1556808.1