## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PAUL REINSMITH, KEVIN DINSDALE, ROBERT BIANCHI, OMAR BATHER, and MICHAEL WILES, Individually, and on Behalf of All Others Similarly Situated,** )<br>)<br>)<br>)<br>)<br>) | |
| )<br>)<br>**Plaintiffs,** )<br>)<br>) | **Case No. 05-11168 GAO** |
| **v.** )<br>)<br>) | |
| **CASTLE POINT MORTGAGE, INC.,** )<br>)<br>) | |
| **Defendant.** ) | |

### SECOND AMENDED COLLECTIVE ACTION
### COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. This is an action for monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, 29 U.S.C. § 215(a)(3) *et seq.*, Massachusetts Wage and Hour Law, M.G. L.A. Chapters 149 and 151 *et seq.*, New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq.*, and the Maryland Code for Labor and Employment § 3-415 *et seq.* This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) and as state-wide class actions for Massachusetts, New Jersey, and Maryland, under F.R.C.P., Rule 23(b)(3).

2. The Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 and 1367.

3. The Court has supplemental jurisdiction over the state law claims.

4. Plaintiffs Paul Reinsmith and Kevin Dinsdale bring claims under the FLSA and Massachusetts Wage and Hour Law and M.G.L.A. Chapters 149 and 151 *et seq.*,

individually and on behalf of all others similarly situated who have filed consent forms with the Court. Plaintiffs Paul Reinsmith and Kevin Dinsdale are residents of Massachusetts.

5. Plaintiff Robert Bianchi brings claims under the New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a) *et seq.*, individually and on behalf of all others similarly situated. Robert Bianchi currently resides at 18 George Street, Wanaque, New Jersey 07465. At the time the causes of action accrued, Plaintiff Robert Bianchi was a resident of New Jersey.

6. Plaintiffs Omar Bather and Michael Wiles bring claims under the Maryland Code for Labor and Employment § 3-415 *et seq.*, individually and on behalf of all others situated. Omar Bather currently resides at 77 West 15th Street, New York, New York 10011. Michael Wiles currently resides at 7163 Fountain Rock Way, Columbia, Maryland 21406. At the time the causes of action accrued, Plaintiffs Omar Bather and Michael Wiles were residents of and worked for the Defendant in Maryland.

7. Defendant Castle Point Mortgage, Inc. employed plaintiffs as Loan Officers..

8. Venue is appropriate under 28 U.S.C. § 1391 because Defendant, Castle Point Mortgage, Inc. is a Massachusetts corporation doing business in the Commonwealth of Massachusetts at 300 Brickstone Square, Suite 603, Andover, Massachusetts 01810.

9. Venue is also appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

2

## GENERAL ALLEGATIONS

10. Plaintiffs, and the similarly situated employees, have been employed as loan officers for Defendant at locations in Massachusetts, Maryland and New Jersey.

11. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages, and punitive damages owed to Plaintiffs and all other loan officers employed by, or formerly employed by, Castle Point Mortgage, Inc., its subsidiaries, and affiliated companies.

12. Plaintiffs Paul Reinsmith and Kevin Dinsdale bring this action as a Massachusetts state-wide class action to recover unpaid overtime compensation, unlawfully withheld wages, treble damages, and other damages owed to Plaintiffs and all other loan officers employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies located in the Commonwealth of Massachusetts.

13. Plaintiff Robert Bianchi brings this action as a New Jersey state-wide class action to recover unpaid overtime compensation, unlawfully withheld wages, and other damages owed to Plaintiffs and all other loan officers employed by, or formerly employed by, Defendant, its subsidiaries and affiliated companies located in the State of New Jersey.

14. Plaintiffs Omar Bather and Michael Wiles bring this action as a Maryland state-wide class action to recover unpaid overtime compensation, unlawfully withheld wages, and other damages owed to Plaintiffs and all other loan officers employed by, or formerly employed by, Defendant, its subsidiaries and affiliated companies located in the State of Maryland.

15. During the statutory period, Plaintiffs and the similarly situated employees routinely worked in excess of forty (40) hours per week.

16. During the statutory period, Defendant did not pay overtime compensation to Plaintiffs or to similarly situated employees.

17. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1). As a result of this unlawful practice, named Plaintiffs and the similarly situated employees suffered a loss of wages.

18. Defendant failed to pay overtime wages and other benefits to Plaintiffs and other similarly situated loan officers during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from federal law in direct violation of the FLSA, despite two Department of Labor, Wage and Hour Division, Opinion Letters, dated May 17, 1999 and February 16, 2001 respectively, concluding that loan officers were not exempt from the overtime requirements of the FLSA.

19. Defendant's practice also violates the provisions of Massachusetts G.L.A. Chapters 149 and 151 *et seq.* As a result of this unlawful practice, named Plaintiffs and the Plaintiff class suffered a loss of wages.

20. Defendant failed to pay overtime wages and other benefits to Plaintiffs and similarly situated loan officers during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from state law in direct violation of Massachusetts G.L.A. Chapters 149 and 151 *et seq.*

4

21. This practice violates the provisions of the New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a) *et seq*. As a result of this unlawful practice, named Plaintiff and the Plaintiff class suffered a loss of wages.

22. Defendant failed to pay overtime wages and other benefits to Plaintiffs and other similarly situated loan officers during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from state law in direct violation of the New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a), *et seq*.

23. This practice violates the provisions of the Maryland Code for Labor and Employment § 3-415 *et seq*. As a result of this unlawful practice, named Plaintiffs and the Plaintiff class suffered a loss of wages.

24. Defendant knew or showed reckless disregard for the fact that its failure to pay loan officers overtime compensation was in direction violation of these laws. Defendant failed to pay overtime wages and other benefits to Plaintiffs during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from state law in direction violation of the Maryland Code for Labor and Employment § 3-415, *et seq*.

25. Plaintiffs demanded time and one-half compensation for all hours worked over forty per week to which they are entitled, but the Defendant has willfully failed and refused to compensate plaintiffs in accordance with the FLSA or Massachusetts G.L.A. Chapters 149 and 151, *et seq*.Plaintiffs will immediately request the Court to authorize notice to all such persons informing them of the pendency of this action.

26. Plaintiffs will also request that the Court certify a class of Massachusetts loan officers pursuant to F.R.C.P. Rule 23(b)(3) for the purposes of seeking overtime compensation and other available damages under Massachusetts G.L.A. Chapters 149 and 151 *et seq.*

27. Plaintiffs will also request that the Court certify a class of New Jersey loan officers pursuant to F.R.C.P. Rule 23(b)(3) for the purpose of seeking overtime compensation and other available damages under the New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a), *et seq.*

28. Plaintiffs will also request that the Court certify a class of Maryland loan officers pursuant to F.R.C.P. Rule 23(b)(3) for the purpose of seeking overtime compensation and other available damages under the Maryland Code for Labor and Employment § 3-415, *et seq.*

### COUNT I
**(on behalf of Paul Reinsmith, Kevin Dinsdale, and all others similarly situated)**

#### FAIR LABOR STANDARDS ACT
#### 29 U.S.C. § 201 *et seq.*
#### UNPAID WAGES/OVERTIME

29. Plaintiffs re-allege Paragraphs 1 through 4, 7 through 12, 15 through 20, and 25 above.

30. The foregoing actions of Defendant constitutes violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

31. Defendant is liable to Plaintiffs for actual damages and liquidated damages.

32. Plaintiffs seek to bring this lawsuit on behalf of themselves individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiffs) subject to entry of

an order certifying this cause as a collective action pursuant to 29 U.S.C. § 216(b) and

F.R.C.P. Rule 23(b)(3).

33. F.R.C.P. Rule 23(b)(3) provides that a cause of action may be maintained as a class

action if:

    a. The class is so numerous that joinder of all members, whether otherwise
       required or permitted, is impracticable;

    b. There are questions of law or fact common to the class which predominate
       over any questions affecting only individual members;

    c. The claims or defenses of the representative parties are typical of the claims or
       defenses of the class;

    d. The representative parties will fairly and adequately protect the interests of the
       class; and,

    e. A class action is superior to other available methods for the fair and efficient
       adjudication of the controversy.

**Class Definition**

34. Plaintiffs seek certification of the following class:

    a. "All individuals who were employed by defendant, its subsidiaries and
       affiliated companies, as loan officers in the United States at any time during
       the relevant statute of limitations period who worked more than 40 hours in a
       week, but did not receive overtime pay."

**Numerosity**

35. The Plaintiffs satisfy the numerosity standards. There is no question that this lawsuit

encompasses hundreds of potential claimants. The proposed class can be identified

and located using defendant's payroll and personnel records. Therefore, the Class is

so numerous that the joinder of all members is impracticable. Class members may be

informed of the pendency of this Class Action by direct mail based upon and/or

published and broadcast notice.

7

## Common Questions of Fact or Law

36. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether the class members qualify for exempt status;

    b. Whether the defendant conducted an analysis of class members' compensation before classifying them as exempt;

    c. Whether the defendant conducted an analysis of class members' duties and tasks before classifying them as exempt;

    d. Whether the plaintiffs worked in excess of 40 hours per week;

    e. Whether the plaintiffs are expected to work in excess of 40 hours per week;

    f. Whether defendant's practice violates the overtime provisions of 29 U.S.C. § 216(b).

    g. Whether the defendant's failure to pay overtime was willful; and,

    h. Whether plaintiffs and the class have suffered damages and the proper measure of those damages.

37. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

38. Plaintiffs' claims are typical of the claims of the class members. Named plaintiffs suffered similar injuries as those suffered by other class members as a result of Defendant's failure to pay overtime.

8

## Adequacy

39. Named Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

41. The FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 per week. 29 U.S.C. § 216 *et seq*. Plaintiffs regularly worked more than 40 hours per week during their employment, but were not paid overtime.

9

42. The foregoing actions of Defendant constitutes violations of 29 U.S.C. § 216 *et seq.* Defendant's actions were willful and not in good faith.

43. Defendant is liable to Plaintiffs for actual damages, treble damages, equitable relief and any other damages awarded by this court, pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorney, ERIK H. LANGELAND, P.C., demand judgment against the Defendant, CASTLE POINT MORTGAGE, INC., and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and such further relief as the Court deems just and equitable

### COUNT II
### (on behalf of Paul Reinsmith, Kevin Dinsdale, and all others similarly situated)

### MASSACHUSETTS G.L.A. CHAPTER 149 AND 151 *et seq.*
### UNPAID WAGES/OVERTIME

44. Plaintiffs re-allege Paragraphs 1 through 4, 7 through 12, 15 through 20, and 25 through 28 above.

45. Plaintiffs also seek to bring this lawsuit on behalf of themselves individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiffs) subject to entry of an order certifying this cause as a Massachusetts state class action pursuant to F.R.C.P. Rule 23(b)(3).

46. F.R.C.P. Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

    a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

10

b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d. The representative parties will fairly and adequately protect the interests of the class; and,

e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definition

47. Plaintiffs seek certification of the following class:

a. "All individuals who were employed by defendant, its subsidiaries and affiliated companies, as loan officers in the state of Massachusetts at any time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay."

## Numerosity

48. The Plaintiffs satisfy the numerosity standards. The proposed class can be identified and located using defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

49. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a. Whether the class members qualify for exempt status;

11

    b. Whether the defendant conducted an analysis of class members' compensation before classifying them as exempt;

    c. Whether the defendant conducted an analysis of class members' duties and tasks before classifying them as exempt;

    d. Whether the plaintiffs worked in excess of 40 hours per week;

    e. Whether the plaintiffs are expected to work in excess of 40 hours per week;

    f. Whether defendant's practice violates the overtime provisions of Massachusetts G.L.A. Chapters 149 and 151 *et seq.*

    g. Whether the defendant's failure to pay overtime was willful; and,

    h. Whether plaintiffs and the class have suffered damages and the proper measure of those damages.

50. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

51. Plaintiffs' claims are typical of the claims of the class members. Named plaintiffs suffered similar injuries as those suffered by other class members as a result of Defendant's failure to pay overtime.

## Adequacy

52. Named Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs

12

have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

53. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

54. Massachusetts law states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 per week. Massachusetts G.L.A. c. 151 §1A. Plaintiffs regularly worked more than 40 hours per week during their employment, but were not paid overtime.

55. The foregoing actions of Defendant constitutes violations of Massachusetts G.L.A. c. 151 §1A *et seq*. Defendant's actions were willful and not in good faith.

56. Defendant is liable to Plaintiffs for actual damages, treble damages, equitable relief and any other damages awarded by this court, pursuant to Massachusetts General Law and F.R.C.P., Rule 23(b)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorney, ERIK H. LANGELAND, P.C., demand judgment against the Defendant, CASTLE POINT MORTGAGE, INC., and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and such further relief as the Court deems just and equitable.

## **COUNT III**
### **(on behalf of Robert Bianchi and all others similarly situated)**

### **NEW JERSEY WAGE AND HOUR LAW and N.J.S.A. § 23:11-56(A), *et seq.* UNPAID WAGES/OVERTIME**

57. Plaintiff re-alleges Paragraphs 1 through 3, 5, 7 through 11, 13, 15 through 16, and 21 through 22 above.

58. New Jersey law states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 per week and in the manner and methods provided by the FLSA. The New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a)(4). Plaintiffs regularly worked more than 40 hours per week during their employment, but were not paid overtime.

59. The foregoing actions of Defendant constitute violations of New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a), *et seq.*. Defendant's actions were willful and not in good faith.

60. Defendant is liable to Plaintiffs for actual damages, equitable relief, and any other damages awarded by this court.

14

61. Plaintiffs also seek to bring this lawsuit on behalf of themselves individually and on

behalf of all others similarly situated (hereinafter referred to as Plaintiffs) subject to

entry of an order certifying this cause as a New Jersey state class action pursuant to

F.R.C.P. Rule 23(b)(3).

62. F.R.C.P. Rule 23(b)(3) provides that a cause of action may be maintained as a class

action if:

   a. The class is so numerous that joinder of all members, whether otherwise
      required or permitted, is impracticable;

   b. There are questions of law or fact common to the class which predominate
      over any questions affecting only individual members;

   c. The claims or defenses of the representative parties are typical of the claims or
      defenses of the class;

   d. The representative parties will fairly and adequately protect the interests of the
      class; and,

   e. A class action is superior to other available methods for the fair and efficient
      adjudication of the controversy.

## Class Definition

63. Plaintiffs seek certification of the following class:

   a. "All individuals who were employed by defendant, its subsidiaries and
      affiliated companies, as loan officers in the state of New Jersey at any time
      during the relevant statute of limitations period who worked more than 40
      hours in a week, but did not receive overtime pay."

## Numerosity

64. The Plaintiffs satisfy the numerosity standards. The proposed class can be identified

and located using defendant's payroll and personnel records. Therefore, the Class is

so numerous that the joinder of all members is impracticable. Class members may be

informed of the pendency of this Class Action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

65. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether the class members qualify for exempt status;

   b. Whether the defendant conducted an analysis of class members' compensation before classifying them as exempt;

   c. Whether the defendant conducted an analysis of class members' duties and tasks before classifying them as exempt;

   d. Whether the plaintiffs worked in excess of 40 hours per week;

   e. Whether the plaintiffs are expected to work in excess of 40 hours per week;

   f. Whether defendant's practice violates the overtime provisions of the New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a), *et seq.*

   g. Whether the defendant's failure to pay overtime was willful; and,

   h. Whether plaintiffs and the class have suffered damages and the proper measure of those damages.

66. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

67. Plaintiffs' claims are typical of the claims of the class members. Named plaintiffs suffered similar injuries as those suffered by other class members as a result of Defendant's failure to pay overtime.

## Adequacy

68. Named Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

69. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

17

70. New Jersey law states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 per week. New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a)(4). Plaintiffs regularly worked more than 40 hours per week during their employment, but were not paid overtime.

71. The foregoing actions of Defendant constitutes violations of the New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a) *et seq*. Defendant's actions were willful and not in good faith.

72. Defendant is liable to Plaintiffs for actual damages, equitable relief and any other damages awarded by this court, pursuant to the New Jersey Wage and Hour Law and N.J.S.A. § 34:11-56(a) *et seq*. and F.R.C.P., Rule 23(b)(3).

## Prayer for Relief

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, ERIK H. LANGLAND, demand judgment against the Defendant, CASTLEPOINT MORTGAGE, and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and such further relief as the Court deems just and equitable.

## COUNT III
### (on behalf of Omar Bather, Michael Wiles, and all others similarly situated)

### MARYLAND CODE FOR LABOR AND EMPLOYMENT § 3-415 *et seq.*
### UNPAID WAGES/OVERTIME

73. Plaintiffs re-allege Paragraphs 1 through 3, 6 through 11, 14 through 17, 23 through

    24, and 30 above.

74. Plaintiffs seek to bring this lawsuit on behalf of themselves individually and on behalf

    of all others similarly situated (hereinafter referred to as Plaintiffs) subject to an entry

    of an order certifying this cause as a Maryland state class action pursuant to F.R.C.P.

    Rule 23(b)(4).

75. F.R.C.P. Rule 23(b)(3) provides that a cause of action may be maintained as a class

    action if:

   a. The class is so numerous that joinder of all members, whether otherwise
      required or permitted, is impracticable;

   b. There are questions of law or fact common to the class which predominate
      over any questions affecting only individual members;

   c. The claims or defenses of the representative parties are typical of the claims or
      defenses of the class;

   d. The representative parties will fairly and adequately protect the interests of the
      class; and,

   e. A class action is superior to other available methods for the fair and efficient
      adjudication of the controversy.

### Class Definition

76. Plaintiffs seek certification of the following class:

   a. "All individuals who were employed by Defendant, its subsidiaries and
      affiliated companies, as loan officers in the state of Maryland at any time
      during the relevant statute of limitations period who worked more than 40
      hours in a week, but did not receive overtime pay."

## Numerosity

77. The Plaintiffs satisfy the numerosity standards. There is no question that this lawsuit encompasses hundreds of potential claimants. The proposed class can be identified and located using defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

78. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether the class members qualify for exempt status;

   b. Whether the defendant conducted an analysis of class members' compensation before classifying them as exempt;

   c. Whether the defendant conducted an analysis of class members' duties and tasks before classifying them as exempt;

   d. Whether the plaintiffs worked in excess of 40 hours per week;

   e. Whether the plaintiffs are expected to work in excess of 40 hours per week;

   f. Whether defendant's practice violates the overtime provisions of the Maryland Code for Labor and Employment § 3-45 *et seq*.

   g. Whether the defendant's failure to pay overtime was willful; and,

   h. Whether plaintiffs and the class have suffered damages and the proper measure of those damages.

79. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

80. Plaintiffs' claims are typical of the claims of the class members. Named plaintiffs suffered similar injuries as those suffered by other class members as a result of Defendant's failure to pay overtime.

## Adequacy

81. Named Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

82. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it

difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

83. Maryland law states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 per week and in the manner and methods provided by the Fair Labor Standards Act. Maryland Code for Labor and Employment § 3-415 *et seq*. Plaintiffs regularly worked more than 40 hours per week during their employment, but were not paid overtime.

84. The foregoing actions of Defendant constitutes violations of the Maryland Code for Labor and Employment § 3-415 *et seq*. Defendant's actions were willful and not in good faith.

85. Defendant is liable to Plaintiffs for actual damages, equitable relief and any other damages awarded by this court, pursuant to the Maryland Code for Labor and Employment § 3-415 *et seq*. and F.R.C.P., Rule 23(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, ERIK H. LANGLAND, P.C., demand judgment against the Defendant, CASTLEPOINT MORTGAGE, and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

Dated:                                              Respectfully Submitted

_____

Erik. H. Langeland
Erik H. Langeland, P.C.
730 Fifth Avenue, 9th Floor
New York, NY 10019
(212) 659-7774
ATTORNEY FOR PLAINTIFFS

1560579.1